PAINE v. CUMBERLAND TELEPHONE & TELEGRAPH CO.

(Circuit Court of Appeals, Fifth Circuit. March 23, 1918.)

No. 3100.

ELECTRICITY ⬅️19(3)—PRESUMPTIONS—RES IPSA LOQUITUR.

In an action against a telephone company for damages for the burning of plaintiff's property in which the company's wires were located, the rule of ipsa loquitur does not relieve plaintiff from the burden of showing negligence.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by Ruffin B. Paine against the Cumberland Telephone & Telegraph Company. There was judgment for defendant, and plaintiff brings error. Affirmed.

W. O. Hart, of New Orleans, La., and B. M. Miller, of Covington, La., for plaintiff in error.

Jas. C. Henriques, of New Orleans, La., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

PER CURIAM. This is a suit charging the Cumberland Telephone & Telegraph Company with specific acts of negligence in connection with the burning of the property of plaintiff in error in which the wires of the Telephone Company were located. After hearing witnesses, the trial court directed a verdict in favor of the defendant.

The case is brought to this court upon two assignments of error, to wit:

"I. That this court committed an error in refusing to admit testimony as to previous fires in the telephone exchange of the defendant in the town of Covington, as set forth in bill of exceptions No. 1.

"II. That the court erred in directing a verdict in this case on motion of

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the defendant after plaintiff had rested his case, but, on the contrary, should have ordered the trial to proceed, the whole as set forth in bill of exceptions No. 2."

After hearing the arguments and examining the record, we conclude that neither assignment is well taken. The evidence rejected by the court was not admissible under the pleadings, and the evidence offered wholly failed to sustain the charges of negligence set forth in the petition. The rule of res ipsa loquitur does not relieve the plaintiff in error from the burden of showing negligence. See Patten v. T. & P. R. Co., 179 U. S. 658, 21 Sup. Ct. 275, 45 L. Ed. 361, and Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905.

The judgment of the District Court is affirmed.