# BALL & GUNNING MILLING COMPANY *v.* MAMMOTH SPRING MILLING COMPANY.

---

TRADEMARKS; ABANDONMENT; UNFAIR COMPETITION.

1. Where a party adopted a trademark for use on its highest grade of flour, and subsequently produced and sold under another name a better grade of flour, but did not change the standard of quality of the original brand, he cannot be said to have abandoned the mark, and is entitled to registration. (Following *Royal Mill. Co.* v. *J. F. Imbs Mill. Co.* 44 App. D. C. 207.)

2. In a trademark interference where both parties used the mark for a number of years without either party learning of the other's use, and later increased transportation facilities resulted in actual conflict, it was *held* that the only question before this court was the right of the prior user of the mark to registration.

No. 1186.   Patent Appeals.   Submitted November 18, 1918.   Decided December 2, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents in a trademark interference proceeding. *Affirmed.*

The facts are stated in the opinion.

*Mr. David P. Wolhaupter* for the appellant.

*Mr. E. G. Siggers* for the appellee.

Mr. Justice Robb delivered the opinion of the Court:

Appeal from a decision of the Patent Office in a trademark interference proceeding in which priority of adoption was granted appellee, Mammoth Spring Milling Company.

It was found by the Patent Office tribunals, and is conceded here, that the appellee company was the first to adopt and use the words "Golden Gate" as a trademark for flour. Appellant, Ball & Gunning Milling Company, first contends that appellee has abandoned or forfeited its mark because, prior to 1907, it used the mark on its highest grade flour, but about that time produced and sold under another name a better grade of flour. There was no contention in the Patent Office, nor is there here, that the standard or quality of the "Golden Gate" brand was lowered; in other words, there is no evidence that the "Golden Gate" brand is not as good to-day as it was when the mark was adopted. These facts bring the case within the ruling in *Royal Mill. Co.* v. *J. F. Imbs Mill. Co.* 44 App. D. C. 207, where a mark that had been used on flour made from soft wheat was used on flour made from hard wheat *of the same grade,* and it was held that there had been no misrepresentation.

It appears that these parties, located in adjoining States, used this trademark for a number of years without either party learning of the other. With the increase of transportation facilities, however, actual conflict resulted, but it is here contended that under the ruling in *Hanover Mill. Co.* v. *Metcalf,* 240 U. S. 403, 60 L. ed. 713, 36 Sup. Ct. Rep. 357, registration should not be granted appellee. That case involved a different question, that of unfair competition, and the facts differed materially from those in this case, as appears from the following: "We are not dealing with a case where the junior appropriator of a trademark is occupying territory that would probably be reached by the prior user in the natural expansion of his trade, and need pass no judgment upon such a case." The question here is not that of unfair competition, but whether appellee, under the terms of the statute, is entitled to the registration of this mark, which it was the first to adopt and use.

We agree with the Patent Office that it is.    Whether there are equitable reasons why appellee may not prevent appellant from using the mark in the territory formerly occupied by appellant is a question not here involved.

The decision is affirmed.                              *Affirmed.*