### H. KUHN & SONS, Inc., v. LETTS.

(Court of Appeals of District of Columbia. Submitted May 17, 1920. Decided June 2, 1920.)

No. 1320.

1. **Trade-marks and trade-names** &#9756;43—**Interstate "use" contemplated by registration act, is personal use.**

The use contemplated by Trade-Mark Act, § 2 (Comp. St. § 9487), providing that an applicant for registration accompany his application by a written declaration that such trade-mark is used in commerce among the several states, is a use by the applicant himself, or by one for him, and not an independent or an incidental use by a third party.

2. **Trade-marks and trade-names** &#9756;43—**No interstate trade shown; "interstate business."**

Where parties outside a state wrote to friends in the state and had them purchase clothing from a department store and send it to them, the proprietor of the store was not engaged in interstate business, so as to entitle him to a registration of a trade-mark used on his clothing, under Trade-Mark Act, § 2 (Comp. St. § 9487).

Appeal from the Commissioner of Patents.

Trade-mark interference proceedings between H. Kuhn & Sons, Incorporated, and Arthur Letts. From an adverse decision of the Commissioner of Patents, the former appeals. Reversed and remanded.

Harlan Moore, of New York City, and Wm. F. Hall, of Washington, D. C., for appellant.

C. J. O'Neill, of Washington, D. C., for appellee.

ROBB, Associate Justice. Appeal from a decision of the Commissioner of Patents in a trade-mark interference proceeding involving the mark "American Boy." Appellant was granted registration of the mark in 1917, on an application filed in 1915, and its use of the mark commenced just prior to the filing of its application.

Appellee is the proprietor of a department store in Los Angeles, Cal., and the testimony clearly shows local use of "American Boy" as a trade-mark long prior to the earliest date claimed by appellant. The

sole question is whether an interstate use has been shown. The evidence on this point tended to show that parties outside California had written to friends or relatives in Los Angeles, and through them had purchased "American Boy" clothing, and that those purchases were shipped by such friends or relatives to their ultimate destination. Aside from vague and unsatisfactory testimony by a representative of appellee's firm, this was the evidence upon which appellee depended to show interstate use.

[1, 2] The Trade-Mark Act (33 Stat. 724, § 2 [Comp. St. § 9487]) requires an applicant for registration to accompany his application "by a written declaration, verified by the applicant, * * * that such trade-mark is used in commerce among the several states, or with foreign nations, or with Indian tribes. * * *" Applicant complied with this provision in the present case by declaring under oath "that said trade-mark is used by him in commerce among the several states of the United States."

Clearly the use contemplated by the statute is a use by the applicant himself, or by some one for him, and not an independent or incidental use by a third party; the reason being that before an applicant is entitled to registration he must show that his business extends beyond the boundaries of his own state or into the territory of an Indian tribe. Appellee's business, so far as the present record shows, was local. That persons outside the state procured appellee's goods in California and had them sent outside that state is beside the question, for appellee was in no way responsible for, and hence could not benefit by, such a transaction. The sale was local, and not interstate. Appellee evidently appreciated the difficulty, for in the Patent Office he requested an opportunity to introduce further testimony "to prove interstate commerce"; but the Commissioner, being of the view that appellee had "fairly proven the interstate use" of the mark, did not deem it necessary to reopen the case.

The decision must be reversed, but in the circumstances, the case will be remanded, with directions to permit appellee to introduce further testimony on the question of interstate use.

Reversed and remanded.