## ROBERTSON v. WASHINGTON RY. & ELECTRIC CO.

(Court of Appeals of District of Columbia. Submitted February 10, 1922. Decided March 6, 1922.)

No. 3659.

1. **Trial ⬤⇒109—Reference in opening statement to ground of negligence not alleged was properly excluded.**

In an action for injuries to a street car passenger, where there was no allegation in the declaration of negligence in selecting the employés who operated the car, it was not error to sustain an objection to an opening statement by plaintiff's counsel that he expected to prove that the crew in charge of the car were inexperienced because they were strike breakers.

2. **Appeal and error ⬤⇒203(½)—Not reversible error for court not to take judicial notice of fact, where no ruling embodying fact is asked.**

An assignment that the court erred in failing to take judicial notice of a fact does not require reversal, where there was no ruling by the court requiring notice of such fact, and no request for a charge stating the fact to the jury.

3. **Evidence ⬤⇒52—Judicial knowledge of strike held not knowledge particular employés were inexperienced.**

Judicial knowledge by the court that a street railway strike was in progress when a passenger was injured would not enable the court to assume without proof that the employés in charge of the particular car were strike breakers and inexperienced, or that they were negligent, where it was stated at the bar, and not denied, that many of the employés of the street car company did not strike.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Trial ⬥243—Request for directed verdict for plaintiff is inconsistent with request for submission of damages.**

A request for a verdict instructed for plaintiff in an action for injuries to a street car passenger, which was not limited to the matter of negligence, but covered the entire case, was inconsistent with a previous instruction, given at plaintiff's request, submitting to the jury the issue of damages, and was properly refused.

**5. Carriers ⬥320(1)—Inference of negligence from uncontradicted testimony open to different inferences is for the jury.**

Even if the testimony as to the accident in which a street car passenger was injured was uncontradicted, such testimony did not conclusively establish negligence, if it was open to more than one inference, in which case the jury alone were authorized to determine what inference should be drawn from it.

**6. Carriers ⬥318(4)—Uncontradicted testimony of an injured passenger as to a violent jerk as she was going to the door held not to conclusively establish negligence.**

Plaintiff's testimony that she was injured while a passenger on defendant's street car, by being thrown against a seat by a violent jerk while she was going to the door to leave the car, which was uncontradicted, because no complaint of injury was made at the time, so that the defendant could not identify the crew in charge of the car, does not establish conclusively that the injury to the plaintiff was the result of plaintiff's negligence.

**7. Carriers ⬥316(1)—Res ipsa loquitur merely permits inference of negligence.**

Under the rule established by the Supreme Court of the United States, which is binding on the courts of the District of Columbia, the doctrine of res ipsa loquitur does not require an inference of negligence to be drawn from proof of injury to a street car passenger happening without her fault, but merely permits such inference to be drawn.

**8. Appeal and error ⬥999(3)—Finding on negligence not disturbed.**

Where negligence is properly submitted to the jury, their finding on that issue will not be disturbed.

**9. Trial ⬥210(4)—Instruction as to credibility of witnesses held proper on question of damages.**

In an action for injuries to a street car passenger, an instruction that the jury must weigh the testimony of each witness, considering the interest that any witness might have in the outcome of the case, was proper, as bearing upon the subject of damages, even if plaintiff's contention that negligence was conclusively established was correct.

Appeal from the Supreme Court of the District of Columbia.

Action by Margaret Robertson against the Washington Railway & Electric Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Rossa F. Downing and M. A. Easby-Smith, both of Washington, D. C., for appellant.

Roger J. Whiteford, of Washington, D. C., for appellee.

SMYTH, Chief Justice. This is a tort action. The appellant, as plaintiff below, charged that, while she was a passenger on one of the defendant's street cars, she was injured through the negligence of the company's servants. She alleged that, as the car on which she was riding approached the intersection of V and North Capitol streets, Washington, she, desiring to alight at V street, which was at that time a stopping place, rang the signal bell. The car slowed down, and

she then proceeded toward the platform for the purpose of alighting as soon as the car had stopped. As she did so, the car suddenly started up with an extraordinary jerk, whereby she was thrown violently against one of the seats and seriously injured. She described her injuries, and asked for damages. From a verdict in favor of the company, she appeals.

[1] The first error assigned relates to the action of the court in sustaining an objection to part of the opening statement made to the jury by counsel for the plaintiff, in which he said he expected to prove that the crew in charge of the car at the time of the accident were inexperienced on account of the fact that they were strike breakers. No exception was taken to the ruling at the time, but, on application of counsel for the plaintiff, the court, when overruling the motion for a new trial, permitted an exception to be entered, it to have the same effect as if noted when the ruling was made. Counsel for the company denies the power of the court to do this. Whether or not it had the power is immaterial, because its ruling with respect to the statement was correct. There was no charge in plaintiff's declaration that the defendant had been negligent in the selection of the men who operated the car. Consequently there was no basis for the statement objected to. It is an old rule that the proof and the allegations must agree. The Divina Pastora, 4 Wheat. 52, 4 L. Ed. 512; United States Bank v. Smith, 11 Wheat. 171, 6 L. Ed. 443; Harrison v. Nixon, 9 Pet. 483, 9 L. Ed. 201; Cucullu v. Hernandez, 103 U. S. 105, 26 L. Ed. 322. Plaintiff, having alleged negligence in only one respect, could not prove it in another.

[2, 3] The next error complained of is the failure of the court to take judicial notice of the alleged fact that on the day before the accident a strike was inaugurated by motormen and conductors in the service of the company, and that their places were taken by strike breakers, who, it is said, were inefficient and careless in the management of the cars. But for what purpose should the court have taken notice of this fact, if it was such? That it might instruct the jury that they should consider it in determining whether or not the plaintiff was injured through the negligence of the company's employés in charge of the car? But no request was made that the court so instruct the jury. It cannot be said that the court erred in failing to do that which it was not requested to do. Guerini Stone Co. v. Carlin Construction Co., 248 U. S. 334, 348, 39 Sup. Ct. 102, 63 L. Ed. 275; Fillippon v. Albion Vein Slate Co., 250 U. S. 76, 39 Sup. Ct. 435, 63 L. Ed. 853; Budd v. United States, 48 App. D. C. 332. Even if the court did take judicial notice of the fact that a strike prevailed, it could not assume, in the absence of proof, that the employés in charge of the car were strike breakers, or that they were negligent. It was stated at the bar, and not denied, that many of the company's motormen and conductors did not strike, but remained at their posts. There are other reasons why the court did not err in this respect, but those we have given are sufficient.

[4] Plaintiff by her first prayer requested the court to submit to the jury the question of damages, and by her second prayer asked that

the jury be instructed to return a verdict in her favor. The first was granted, and the second denied. The prayers were contradictory. If the jury found that she was not damaged as a result of the accident, it would have been their duty to return a verdict in favor of the defendant. That they might find a verdict one way or the other upon the subject was conceded by the plaintiff, by asking that the question be submitted to them. Had the second prayer been limited to the matter of negligence, there would be no inconsistence between it and the first. But it was not. It covered the entire case. Having granted the first, we do not perceive how the court could have given the second without confusing and misleading the jury, and a prayer which would have that effect should be rejected. Sweeney v. Erving, 228 U. S. 233, 33 Sup. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914D, 905.

[5] But we are not willing to place our judgment upon this ground alone. We think the second prayer, even if framed as we have indicated, would not have been proper. It is true that the testimony with respect to the accident was uncontradicted, but it does not follow from this that it conclusively established negligence. If it was open to more than one inference, the triers of fact alone were authorized to determine what inference should be drawn from it. Richmond & Danville Railroad v. Powers, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642; McDermott v. Severe, 202 U. S. 600, 26 Sup. Ct. 709, 50 L. Ed. 1162; Thomas R. Riley Lumber Co. v. McHarg, 47 App. D. C. 389.

[6] Plaintiff testified that, after the car had passed Rhode Island avenue, she rang the bell for the car to stop at V street; that the car slowed up, as she thought, and "was coming to a stop, and it didn't"; that after ringing the bell she proceeded toward the door, and when she was midway of the car it made the most "unmerciful jerk," thereby causing her to fall against the conductor, and then over one of the seats, where she struck against a brass handle; that she made no complaint to the crew or to anybody else, at the time that she had been hurt, but went to her home. No report of the accident was made by the company's employés in charge of the car. Nor did the company know anything of the accident until about two weeks after it had happened, when plaintiff, through her attorney, notified the company of it, and claimed damages. Because it was not promptly notified, the company asserts it could not identify the crew in charge of the car at the time, and therefore was unable to produce any testimony relative to the occurrence. Thus it appears that the question of negligence rests on the uncontradicted testimony of the plaintiff.

[7] Assume that everything she says about the accident is true; it does not establish conclusively that it was the result of negligence. Her contention is that the mere fact that she was injured through a violent jerk in the movement of the car proves that the jerk was the result of negligence on the part of the company, and that the jury should have been so instructed. According to many authorities it is the law that where an accident to a passenger, who is himself without fault, is the result of a failure in any respect of the carrier's means of transportation, or the conduct of its servants in connection therewith, a presumption of negligence arises as against the carrier, and it then devolves

upon the defendant to show the absence of any negligence on the part of itself or its agents with respect to the accident. In such a situation, it is said, the maxim res ipsa loquitur applies. Consult City & Suburban Railway Co. v. Svedborg, 20 App. D. C. 543; Washington, Alexandria & Mt. Vernon Railway Co. v. Chapman, 26 App. D. C. 472, 6 Ann. Cas. 721; Kehan v. Washington Railway & Electric Co., 28 App. D. C. 108; 5 R. C. L. 74, § 713, and many cases cited in the footnotes.

But the Supreme Court of the United States has taken a different view of the law. Mr. Justice Pitney, speaking for that court, in Sweeney v. Erving, 228 U. S. 233, 240, 33 Sup. Ct. 416, 418 (57 L. Ed. 815, Ann. Cas. 1914D, 905), said:

"In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."

This is binding on us. Some of the many decisions following it are Paine v. Cumberland Telephone & Telegraph Co., 249 Fed. 477, 161 C. C. A. 435; The Great Northern, 251 Fed. 826, 829, 163 C. C. A. 660; Pennsylvania Co. v. Clark (C. C. A.) 266 Fed. 182, 188. It does not relieve the plaintiff of the burden of proof, but does put the burden of evidence—that is, of explanation—on the defendant. Kraljer v. Snare & Triest Co., 221 Fed. 255, 137 C. C. A. 108.

We may admit that the plaintiff by her testimony established that her injury gave ground for the reasonable inference that, if due care had been employed by the company's employés in charge of the car, the injury would not have happened. But it is one thing to say that it gave ground for a reasonable inference, and quite another to say that it compelled such an inference. Since it did not compel it, the question of negligence was for the jury. Under the authority of the Sweeney Case, her testimony entitled her to an instruction to the effect that the jury might infer negligence from the fact that she was injured by the jerk complained of. But she did not request such an instruction. To have done so would have been inconsistent with the theory on which she tried her case.

[6] By the company's fifth prayer, which the court gave, the jury were told that the plaintiff could not recover if the jerk was made necessary by the reasonable operation of the car. Thus was left to the triers of fact the question of the defendant's negligence. They found against the plaintiff, and we have no right to disturb that finding.

The second and third requests of the defendant, granted by the court, are also assigned as error. In the former it is said that the burden of proof was on the plaintiff to establish by a preponderance of the evidence that the company was negligent as charged in the declaration, and that the negligence was the proximate cause of the injury. No objection is made on the ground that it does not state the law correctly.

but it is urged that there was no question for the jury with respect to negligence, and hence that it was misleading and should not have been given. This, as we have just seen, discloses a misconception of the law, for there was a question of negligence to be passed upon by the jury. The instruction is correct.

[9] The other request said that the jury must weigh the testimony of each witness, and give it such effect as it might be entitled to receive, taking into consideration the interest that any witness might have in the outcome of the case. Even if the argument of the appellant on the question was valid, this instruction would be proper as bearing upon the subject of damages. There was no error in giving it.

A careful examination of the record fails to disclose that error was committed by the learned trial justice, and therefore the judgment must be, and it is, affirmed, with costs.

Affirmed.