### H. KUHN & SONS, Inc., v. LETTS.

(Court of Appeals of District of Columbia. Submitted November 17, 1922. Decided January 2, 1923.)

#### No. 1515.

1. **Trade-marks and trade-names and unfair competition ⬤➾100—Ruling of Court of Appeals is law of the case.**

Under Rev. St. § 4914 (Comp. St. § 9459), the Court of Appeals of the District is authorized to revise a decision of the Commissioner of Patents and advise the Commissioner of its conclusion, so that a mandate from the court to receive additional testimony was not void, and, even if erroneous, became the law of the case, binding on the Commissioner, and on the court on a subsequent appeal, and was properly followed by the Commissioner.

2. **Trade-marks and trade-names and unfair competition ⬤➾43—Registration cannot be refused, because use was limited to section of the country.**

Under Trade-Mark Act, § 5 (Comp. St. § 9490), providing that no mark by which the goods of the owner may be distinguished from other goods of the same class shall be refused registration, except as stated therein, the prior user of a trade-mark in interstate commerce cannot be denied registration thereof because his use had been limited to a certain part of the country, and the opposer's use was limited to a different part of the country.

3. **Trade-marks and trade-names and unfair competition ⬤➾44—Request for leave to offer additional proof held too general.**

A request, by the opposer of an application for registration of a trade-mark, for leave to adduce additional proof for the purpose of establishing use of the trade-mark in controversy, was too general, and there was no error in overruling it.

⬤➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Trade-marks and trade-names and unfair competition ⊂⊃44—Commissioner should permit reopening for additional proof and receive all testimony, unless manifestly improper.**

The Commissioner should grant a request to reopen a trade-mark case for additional testimony, and should not exclude any testimony, though objected to, unless it is manifestly improper, in accordance with equity rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi), which governs under Patent Office rule 153, so that when the case comes before the Court of Appeals the court will have all the testimony, and may consider the evidence under Rev. St. § 4914 (Comp. St. § 9459), and render the decision.

Appeal from the Commissioner of Patents.

Application by Arthur Letts for registration of a trade-mark, opposed by H. Kuhn and Sons, Inc. From a decision that the applicant was entitled to registration, the opposer appeals. Affirmed.

William F. Hall, of Washington, D. C., for appellant.
Charles J. O'Neill, of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

SMYTH, Chief Justice. The trade-mark "American Boy," as applied to outer clothing, was registered for the appellant in 1917 on an application filed in 1915. Its use of the mark commenced just prior to the filing of the application. Appellee applied for registration of the same mark for the same class of goods in May, 1918. In due time an interference was declared between the registered mark and the application. No request was made to cancel the registration, and, consequently, the question before the court is as to whether or not appellee is entitled to registration.

This is the second appearance of the case in this court. 50 App. D. C. 104, 267 Fed. 748. The first time, as now, the decision of the Patent Office was in favor of the appellee, Letts; but we reversed it on the ground that he had not established interstate use of the mark, and remanded the case, "with direction to permit him to introduce further testimony" on that question.

On the first hearing in the Patent Office the appellee took proof, but the appellant did not, relying on its filing date and the believed insufficiency of the appellee's proof. Appellee, feeling that his proof as to interstate use was weak, made application for leave to reopen the case and take additional testimony on that point, but the Commissioner overruled the application, holding that the evidence was sufficient. When the case came here we took the view that the Commissioner had erred in that respect and sent the case back, with the direction just mentioned. Upon its return to the Patent Office the Commissioner remanded it to the Examiner of Interferences for further action in accordance with our mandate. Thereafter testimony was taken by the appellee with relation to interstate use. Subsequently application was made by the appellant to the Commissioner for leave to argue that the mandate of this court was not in accordance with law and should not be obeyed, but the application was denied. Appellant then moved for judgment in its favor irrespective of the testimony which appellee had

taken. This motion was also denied. Afterwards it requested leave to take testimony "for the purpose of establishing use by it of the trademark in controversy." This was overruled on the ground that our mandate did not permit it, but at the same time the appellant was advised that it was at liberty to take testimony in rebuttal of the testimony adduced by the appellee touching interstate use. This opportunity it rejected, and the Commissioner finding that appellee had established interstate use held that he was entitled to registration.

[1] We have jurisdiction of the matter of appeals from the Commissioner of Patents, and we are authorized to revise a decision appealed from and to advise the Commissioner of our conclusion. Section 4914, R. S. (Comp. St. § 9459). So that our mandate in this case was not void. If we erred in adjudging that the Commissioner should permit appellee to take additional testimony, nevertheless our ruling in that respect became the law of the case, it was the duty of the Commissioner to follow it, and we are bound by it on this appeal. Every question of law or fact which comes before an appellate court and is decided by it is thereby conclusively settled both for the court below, and the appellate court upon a subsequent appeal. See Washington Post Co. v. Chaloner, 47 App. D. C. 66, 71, and many cases which it cites in support of this well-established principle of law. The Commissioner, therefore, did not err in following the mandate.

[2] Appellant argues that, notwithstanding the fact that the appellee has established his prior use of the mark in interstate commerce, he is still not entitled to have it registered, because, as stated by the appellant, his use of it is limited to a certain part of the country, and hence he has no right to the exclusive use of it in any other section, especially in view of the alleged fact that appellant's use of the mark is limited to an entirely different section, where the goods of both parties never come into competition with each other. If, appellant says, the appellee is granted registration, he would thereby acquire prima facie the exclusive right to the use of the mark in every part of the country, which would be in conflict with law. But there is nothing in the statute warranting this contention. It says "that no mark by which the goods of the owner of the mark may be distinguished from other goods of the same class shall be refused registration," except in certain instances which have no bearing here. Section 5, 33 Stat. 725 (Comp. St. § 9490). This mark serves that purpose. And section 7 of the same act (Comp. St. § 9492), which deals with interferences, vests the Commissioner with authority to register a trade-mark "for the person first to adopt and use the mark." In the case before us the appellee is the owner of the mark and was the first to adopt and use it, and is therefore entitled to have it registered for him.

Nor is there anything in Hanover Star Milling Co. v. Metcalf, 240 U. S. 403, 36 Sup. Ct. 357, 60 L. Ed. 713, or United Drug Co. v. Rectanus Co., 248 U. S. 90, 39 Sup. Ct. 48, 63 L. Ed. 141, which supports appellant, although its counsel places very much stress upon both cases. The question of registration, the one with which we have to deal, was not present in either of the cases. In the Hanover Case the plaintiff sought an injunction to restrain the use of the mark by the de-

fendant on the assumption that it was damaged thereby. The question for decision was as to whether or not it was, or would likely be, so damaged. The court noted that neither party had registered its trade-mark under any act of Congress or under any law of any state, and that because of this the question involved had to "be decided according to common-law principles of general application." The Rectanus Case was also based on equitable considerations alone. It was contended that the Rectanus Company should be restrained from the use of the mark on the theory that the United Drug Company had the prior right to it, and that its use by the Rectanus Company damaged it. The mark was not registered under the act of 1905, and was not renewed under section 12 of that act (Comp. St. § 9497). "Hence," said the court, "we need not consider whether anything in this act [1905] would aid the petitioner's case." As we have said, neither case throws any light upon the question with which we are concerned here.

[3] Even if the appellant had the right to adduce testimony other than that relating to the interstate use of the mark by the appellee, the Commissioner committed no error in overruling his motion for leave to do so, since the motion did not disclose the particular point which appellant desired to prove. It was too general. United States v. United States Fidelity & Guaranty Co., 236 U. S. 512, 529, 35 Sup. Ct. 298, 59 L. Ed. 696; Robertson v. Washington Railway & Electric Co., 51 App. D. C. 311, 279 Fed. 180. It asked for leave to take testimony "for the purpose of establishing use by it of the trade-mark in controversy." No hint here that appellant desired to show and expected to prove that it used the mark in territory entirely different from that in which the appellee was active. Hence no error can be predicated on the Commissioner's refusal.

[4] We may add that it would have been better practice for the Commissioner, when the case was first before him, to have granted the appellee's request to reopen it, that he might offer additional testimony relative to interstate use. No testimony should be excluded, though objected to, unless it is manifestly improper. This is in accordance with general equity practice in the federal courts (Blease v. Garlington, 92 U. S. 1, 8, 23 L. Ed. 521; Equity Rule 46 [198 Fed. xxxi, 115 C. C. A. xxxi]), which governs here. Patent Office Rule 153. Then, when the case comes before us on appeal, we will have all the testimony, whether received under objection or otherwise, and we may consider it—"the evidence produced before the Commissioner" (section 4914, Id.)—and give to it such weight as we may think proper. If that course had been followed when this case was first tried in the Office, the decision would not have been reversed, and this appeal would be unnecessary.

Perceiving no error in the decision of the Commissioner, it is affirmed.

Affirmed.