## WEYENBERG SHOE MFG. CO. v. HOOD RUBBER CO.

### Patent Appeal No. 2756.

Court of Customs and Patent Appeals. May 27, 1931.

was registered March 23, 1926, the word "Hood" being disclaimed "except in the particular connection and association in which it appears. * * * "The fourth registration, under date of July 6, 1926, is for the word "Arrow," unaccompanied by any symbol, the letters being perpendicularly arranged.

Use of these marks by appellee on the goods described is shown by the proof to have covered a long period, antedating any use by appellant of its mark.

The Examiner of Interferences held the goods of the respective parties to be of the same descriptive properties, citing Boston Rubber Shoe Co. v. Abramowitz, 47 App. D. C. 199, and also held that the resemblances of the marks "predominate over the differences." Registration was refused, and, upon affirmation of his decision by the Commissioner of the United States Patent Office, the appeal was taken to this court.

We think there was no error in the decision appealed from.

While in the Abramowitz Case, supra, the Court of Appeals of the District of Columbia did not specifically hold "rubber boots and shoes" to be of the same descriptive properties as "leather shoes," deciding the issue rather upon the identity of the marks, it did say:

"* * * We are disposed to hold that they [the marks] are used upon goods of the same descriptive qualities within the provisions of the trademark law."

Attention may properly be directed to decisions of this court rendered in other cases since the decisions of the tribunals of the Patent Office in the instant case.

In Goodrich Co. v. Hockmeyer et al., 40 F.(2d) 99, 17 C. C. P. A. 1068, we held men's, women's, and children's knickerbockers and other articles of wearing apparel enumerated in Hockmeyer's registration to be of the same descriptive properties as boots and overshoes of rubber and fabric, and directed the cancellation of a mark "Zip-On" on account of its resemblance to the mark "Zipper."

In the recent case of Cluett, Peabody & Co., Inc., v. Wright, 46 F.(2d) 711, 18 C. C. P. A. ——, it was held that leather belts were of the same descriptive properties as belts made of fabric and used largely as bathing belts. It was also there held that the mark "Air-O" so closely resembled "Arrow" as to render the former subject to cancellation under proceedings begun by the owners of the latter.

Casanave Young, of Milwaukee, Wis. (George W. Wright, of Washington, D. C., of counsel), for appellant.

Charles C. Gammons, of Boston, Mass., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

This is a trade-mark opposition proceeding in which appellee, Hood Rubber Company opposes the registration by appellant, Weyenberg Shoe Manufacturing Company, of a mark comprising the words "Red Arrow" imposed upon a representation of an arrow, which representation has in the feathered portion thereof two concentric circles, within the smaller of which is placed the letter "W."

The mark sought to be registered is stated to have been used by appellant for leather shoes continuously since August, 1923. The application was filed March 29, 1928.

Appellee, in opposing, relies upon certain registrations by it of marks for use on rubber boots and shoes, rubber overshoes, and rubber sole canvas shoes, which marks have been placed in evidence. The first of these, which bears the registration date of January 29, 1907, is for two arrows crossed diagonally; the second is for the symbol of a single arrow, registered February 12, 1907; a third is for a double-headed arrow having the word "Hood" inserted between the heads, the word being crossed by the figure of an arrow. This

In both of the foregoing decisions authorities are cited.

It may be true, as argued in the very good brief of learned counsel for appellant, that the goods here involved are not of the same species. That depends upon the meaning given to the word "species," which, it may be said, is not found in section 5 of the Trade-Mark Registration Act of February 20, 1905 (15 USCA § 85). It can hardly be successfully maintained, however, that the goods are not of the same class, under the construction given that word by the courts, and, being of the same class, under our decision in Cheek-Neal Coffee Company, etc., v. Hal Dick Manufacturing Co., 40 F.(2d) 106, 17 C. C. P. A. 1103, 1104, and numerous other cases, they are of the same descriptive properties.

Appellant's words are "Red Arrow" placed upon a symbol of an arrow. It is stated in its application that the symbol is not limited to any particular color. It is familiar law that in trade-mark procedure a symbol must be given the same meaning as the word which tells what the symbol is.

The issue here, therefore, is between "Arrow" and "Red Arrow" to be applied to goods of the same descriptive properties.

Attention has been directed here, as in many other cases coming before us, to the alleged fact that there have been numerous registrations to other parties of the words and symbols at issue, some of them apparently for use on goods of the very character here involved. We have not traced this matter, because that fact, even when shown, is not of aid to one seeking a registration. American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 17 C. C. P. A. 906.

The soundness of the rule there stated must be obvious to all upon full consideration when it is remembered that one purpose of the Trade-Mark Registration Act is to aid legitimate commerce by preventing confusion of goods either as to origin or in their sale. If a confused situation already exists, that should not be held to justify an act which would confuse still further. Whatever the rule in cases in equity involving unfair competition, multiplicity of registrations cannot properly be of weight in the statutory proceeding relating to registration. American Fruit Growers, Inc., v. Michigan Fruit Growers, Inc., 38 F.(2d) 696, 17 C. C. P. A. 906.

We agree with the holdings of the tribunals of the Patent Office that, by reason of the close resemblance of the marks, confusion would likely result from their application to goods of the same descriptive properties.

The decision of the Commissioner of Patents is affirmed.

Affirmed.