### FEIFFER v. MANN et al.
### No. 6327.

United States Court of Appeals for the District of Columbia.

Submitted Feb. 6, 1935.

Decided March 11, 1935.

GRONER, Associate Justice, dissenting.

Joseph C. Turco, of Washington, D. C., for appellant.

Walter C. Clephane, J. Wilmer Latimer, and Gilbert L. Hall, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

### VAN ORSDEL, Associate Justice.

This is an action for damages for personal injuries resulting to appellant, plaintiff below, from a collision between the plaintiff, a pedestrian, and a delivery truck owned by defendant company.

Plaintiff testified that on Saturday, December 12, 1931, he parked his car perpendicular to the south curb line of Water street. He then crossed to a store on the north side of Water street, purchased a chicken, and returned to his car. He testified that before leaving the north curb line he looked in each direction and saw no cars approaching. He crossed the street to his car and stopped at the rear of the car to examine one of his tires which he thought was going down. He was standing from a foot and a half to two feet from the rear of his car, and had been standing there about two or three minutes, when he was struck by the truck going east on Water street and sustained the injuries complained of.

The charges of negligence against the defendant's truck driver were that he failed to keep a proper lookout ahead, and that, if he did not see the plaintiff, by the exercise of due care he could have, and would have, seen him in time to have avoided the collision. In other words, the contributory negligence of the plaintiff is conceded by the theory of the charge of negligence against the defendant's driver that defendant is liable under the rule of last clear chance.

Defendant produced two witnesses, the truck driver and another, who testified to the effect that defendant's truck moving eastward met traffic moving west; and that plaintiff suddenly appeared from behind a car going west and stepped directly in front of defendant's truck and was injured; that the truck was moving at a rate of from five to eight miles per hour, and was stopped within a distance of two feet; that plaintiff was found lying within a few inches of the left front wheel of the truck. This testimony as to the position of the plaintiff was corroborated by a number of witnesses who came on the scene and assisted in placing plaintiff in a car to be taken to the hospital.

Plaintiff is not corroborated in his statement as to the way the accident occurred. The testimony of defendant's witnesses as to how the accident occurred is corroborated by the fact that plaintiff was found near the left wheel of the truck. This would be the side of the truck farthest removed from the rear of plaintiff's car. If plaintiff had been struck in the position he described, he would have been struck at the right-hand side of the truck, and his position under similar circumstances would have been near the right wheel instead of the left wheel of the truck. It was dark at the time, but the lights on the truck were on, reflecting a brilliant light in front.

If plaintiff's theory of the case is correct, considering the short space in which the truck could have been stopped, the rule of last clear chance might well be invoked; but, if defendant's theory is correct that the plaintiff stepped from behind a westbound car immediately in front of the truck, then there would be no room for charging negligence against the truck driver. That the defendant's theory is correct is so overwhelmingly established by the evidence, from the position in which plaintiff was found near the left front wheel of the truck, that to leave the case to the jury would be to permit them merely to speculate as to the liability of the defendant. This will not be permitted, since the negligence of defendant is an affirmative fact to be established by the plaintiff. Bennett v. Washington Terminal Co., 55 App. D. C. 111, 2 F.(2d) 913.

We think the court was right in directing a verdict for the defense.

The judgment is therefore affirmed, with costs.

GRONER, Associate Justice (dissenting).

I think the judgment below should be reversed. The issue involves solely the weight to be given to the evidence. The testimony is conflicting and is of such a character that reasonable men may fairly differ upon the question whether there was negligence or not. In such circumstances, the universal rule is, the case must be submitted to the jury. I think the court erred in granting binding instructions, and I am for sending the case back for a new trial.