23 C.C.P.A.(Patents)

## PENNSYLVANIA PETROLEUM CO. v. PENNZOIL CO.

Patent Appeal No. 3549.

Court of Customs and Patent Appeals.

Nov. 25, 1935.

Parkinson & Lane and Wallace R. Lane, all of Chicago, Ill., William S. Hodges, of Washington, D. C., and George Mankle, of Chicago, Ill., for appellant.

68

John S. Powers, of Buffalo, N. Y. (Joseph W. Milburn, of Washington, D. C., of counsel), for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

On October 15, 1929, the Pennzoil Company, a corporation organized under the laws of the state of California, and having its principal place of business at Los Angeles, filed its petition in the United States Patent Office for cancellation of the appellant's trade-mark, under section 13 of the Trade-Mark Act of February 20, 1905, as amended; U.S.Code, title 15, § 122 (15 U.S.C.A. § 122). The mark sought to be canceled was the word "Pencoil," which was duly registered by the appellant, Pennsylvania Petroleum Company, of Kansas City, Mo., on August 21, 1923, No. 172,050, on an application filed August 19, 1921.

The said registration application recited that the appellant had adopted and used the said trade-mark for motor lubricating oil continuously since about May 15, 1921. The petitioner alleged, as grounds for cancellation, that it had been originally incorporated under the laws of the state of California, in October, 1913, as Panama Lubricants Company, and that its name had been changed in September, 1921, to the Pennzoil Company; that it had been engaged, from its inception, in the manufacture and sale of motor lubricating oils and other hydrocarbon products; that on or about December 28, 1915, it had adopted the word "Pennzoil" as a trademark for lubricants, since which time the said trade-mark has been continuously used upon motor lubricating oils and greases, and other hydrocarbon products sold in interstate commerce; that, on the first day of August, 1916, certificate of registration No. 111,759 was issued by the United States Patent Office to appellee's predecessor in title for its said trade-mark "Pennzoil," as used for and upon motor lubricants; that the petitioner is now the owner of said registration and trade-mark, and has been continuously engaged in the sale of motor lubricants under said mark since said registration, and has not abandoned the said mark; that great sums of money have been expended by the petitioner for advertising its said mark and oil; that it has been, and is being, greatly damaged by the said registration No. 172,050, hereinbefore mentioned, to wit, the registration to the appellant, on August 21, 1923, of the alleged trade-mark "Pencoil."

In connection with its proof, the petitioner has caused to be inserted in the record two trade-mark registrations, one to the Panama Lubricants Company, consisting of the word "Pennzoil," registered August 1, 1916, on an application filed January 12, 1916, for use on lubricants in class No. 15, oils and greases, and a registration issued to the Pennzoil Company on October 23, 1928, consisting of the word "Pennzoil" superimposed upon a representation of a bell, alluded to in the record as a Liberty Bell, which said trade-mark was used upon motor fuel oils and lubricating oils and greases, and which it was alleged had been used continuously since December 28, 1915.

In its answer to the petition for cancellation, the respondent denied damage generally, denied identity or confusing similarity of the marks "Pencoil" and "Pennzoil" and denied confusion as to origin caused by the use of said marks. It also denied any knowledge of the use by the petitioner of the trade-mark "Pennzoil" at the time respondent adopted its mark "Pencoil," alleged that both the marks "Pencoil" and "Pennzoil" included words of geographic and descriptive significance which all dealers might use alike, and further alleged that the petitioner had known, for many years, of the respondent's use of its trade-mark "Pencoil" and permitted it to use large sums of money in advertising, was informed of its registration of its mark, and made no protest against the same, and by its acquiescence had lost any right it had, because of laches, to maintain this action for cancellation. As to the prior use by petitioner of its mark "Pennzoil," the respondent prayed proof and denied knowledge.

It seems fully established by the record that the petitioner and its predecessor in title, Panama Lubricants Company, has been using the name "Pennzoil" upon motor lubricants since shortly after the date of its first registration on August 1, 1916, in interstate commerce, and was using the same at the time of said registration, and that it was, at that time, and has continued to be, the owner of said mark.

On the part of the appellant, it is claimed that use of its mark "Pencoil" upon the same class of materials began in Kansas City and the surrounding territory in 1918,

and that since that time the use of its mark has been gradually extended through the territory comprising the states of Wisconsin, Illinois, Iowa, Arkansas, South Dakota, Nebraska, Kansas, Oklahoma, Texas, Wyoming, Colorado, Utah, and New Mexico. We find no testimony in the record to conflict with the claim made by the petitioner for cancellation that it was using its mark "Pennzoil" on motor lubricants prior to any date on which the appellant was using its mark "Pencoil" upon similar products.

The Examiner of Interferences held that the respondent had failed to establish any use of its mark earlier than the date alleged in its registration, namely, May 15, 1921; that the words "Pennzoil" and "Pencoil" are confusingly similar; that the registration of the Liberty Bell in connection with this mark does not substantially lessen the likelihood of confusion; that registrations alleged by the respondent of marks issued to third persons, said to contain certain of the features common to the involved marks, could not be considered; that the rights of an earlier user of a registered trade-mark, under the Trade-Mark Act of February 20, 1905, are not adversely affected by a later use of a similar mark by another in an entirely different section of the country; and that the petitioner was not barred from asserting his rights by reason of laches or delay. Accordingly, the Examiner of Interferences sustained the petition for cancellation.

The Commissioner, on appeal, followed the reasoning of the Examiner, in the main, and affirmed the same. In addition to the suggestions made by the Examiner, the Commissioner passed upon one contention; namely, that inasmuch as this petition was filed in the Patent Office on the same day that an equity suit was initiated in the United States District Court, in the Western District of the Western Division of Missouri, proceedings in the Patent Office should be suspended until the equity proceeding might be heard. The Commissioner was of opinion that this claim was not properly made, and that the Patent Office might and should proceed to a conclusion of the cancellation proceeding. The Commissioner also held, in answer to the argument of the respondent, that any person who deems himself injured has the right to file a petition for cancellation. This point is not pressed by appellant here.

The respondent appeals, and here urges some of the questions which have been determined below. We understand, from the record and briefs of counsel, that it is practically conceded that the appellee, the Pennzoil Company, was first in the field, and that its name "Pennzoil" had been registered as a trade-mark, and had been used in interstate commerce upon motor lubricants long prior to the entrance of the appellant into the field, with its mark "Pencoil." Neither is it denied that the goods are of the same descriptive properties. Therefore, the first question for determination is, Are the marks "Pencoil" and "Pennzoil" confusingly similar, when applied to the same products?

Of this we can have no doubt. While the words are spelled somewhat differently, one using a "c" and the other a "z," they may be, and doubtless are, often pronounced the same. They must be considered to be confusingly similar in appearance. As we have said in a recent case, Derby Oil Co. v. White Star Refining Co., 62 F.(2d) 984, 986, 20 C.C.P.A.(Patents) 816: "We may take judicial knowledge that, in our day, the goods of appellant and appellee are retailed, almost exclusively, at service and filling stations. Modern traffic moves rapidly. The customer desiring to purchase these goods is attracted to symbols or signs on service stations and pumps, which he has associated with the goods he ordinarily buys. A white star upon the target of a pump, or upon a service station, will attract his attention, and, in our judgment, a lettered monogram upon its face, or the nature of its background, will not distinguish it sufficiently to prevent mistakes and confusion."

The presence of a representation of a bell upon one of the marks does not alter this conclusion. The word is the dominant feature of the mark.

We agree, therefore, with the tribunals of the Patent Office that the marks were and are confusingly similar.

At the time the predecessor in title of the appellee presented its mark "Pennzoil," on January 12, 1916, and at the time it obtained registration on August 1, 1916, it was using said mark as a mark for motor lubricants, and was the undoubted owner of that mark. The appellant had not then entered the field with its mark. The appellee was, therefore, entitled to registration, under the law, and its trade-mark carried with it a monopoly, so far as it

70

goes, no less complete than does a patent. United Shoe Mach. Corp. v. Compo Shoe Mach. Corp. et al., 56 F.(2d) 292, 19 C.C.P.A.(Patents) 1009. The mark not having been abandoned, and having been in continuous use, was still valid and in full effect when the appellant entered the field. Therefore, if the marks of appellant and the appellee are confusingly similar, and applied to goods of the same descriptive properties, the appellant was not entitled to registration of its mark "Pencoil" under the provision of section 5 of said Trade-Mark Act of February 20, 1905, as amended (15 U.S.C.A. § 85).

The proceeding which is now before us is not a proceeding seeking to deprive the appellant of the right to use his trade-mark. It is a statutory proceeding to cancel a trade-mark registration which carried with it the prima facie presumption of the exclusive right to use the trade-mark which had been registered. Our decision, and the decision of the Patent Office, goes no further than to determine that matter. Such common-law rights as the appellant has to use its mark in the limited territory which it now claims is a matter for another forum and is not within our jurisdiction here. The statute, section 13, supra, permits the cancellation of a registration when the same was improperly granted, and when it appears that the petitioner is a person injured by the said registration.

If it be conceded that this record shows that the appellant, not knowing of appellee's registration, registered its mark and built up a trade for itself of goods bearing this mark, in a limited territory prior to the entrance of the appellee thereinto, we are unable to discern wherein such fact is of importance in this proceeding. There may be equities arising under the common-law rights of the parties, or under other facts showing laches, or establishing estoppel, which would move a court of equity to prevent the entrance of the appellee into appellant's chosen field. If so, these equities are not important in this strictly statutory proceeding. It is sufficiently apparent that the registration of appellant's mark "Pencoil" ought to be canceled, because of the matters suggested above. The appellee calls attention to the cases of Hanover Star Milling Co. v. Metcalf, 240 U.S. 403, 36 S.Ct. 357, 60 L.Ed. 713, and United Drug Co. v. Theodore Rectanus Co., 248 U.S. 90, 39 S.Ct. 48, 63 L.Ed. 141, as au-

thority for its contention that appellant should be permitted to continue its use of its mark in a limited area, and as a reason why its registered mark should not be canceled. In both these cases cited, the questions decided were under the common law, and in both cases it was noted that there were no registrations under the Trade-Mark Act of February 20, 1905, as amended (15 U.S.C.A. § 81 et seq.), which could be considered as elements in the case.

That such authorities are not ruling in proceedings such as the one now before us is well pointed out by the Court of Appeals of the District of Columbia in two cases: Ball & Gunning Milling Co. v. Mammoth Spring Milling Co., 48 App.D.C. 243, and in H. Kuhn & Sons v. Letts, 52 App.D.C. 236, 285 F. 970. It seems unnecessary to further comment on these two cases, as they fully answer the contentions made by appellant here, in this respect. This distinction between proceedings under the statute in trade-mark registration and cancellation proceedings, and those under the common law, should be constantly had in mind. Skookum Packers' Ass'n v. Pacific Northwest Canning Co., 45 F.(2d) 912, 18 C.C.P.A.(Patents) 792; Heger Products Co. v. Polk Miller Prod. Corp., 47 F.(2d) 966, 18 C.C.P.A. (Patents) 1106; California Packing Corp. v. Tillman & Bendel, Inc., 40 F.(2d) 108, 17 C.C.P.A.(Patents) 1048, 1056.

The delay of the appellee in asserting its alleged rights is said to constitute laches and to create a perfect defense against this petition. It is argued that the appellee knowingly permitted the appellant to use its mark in its restricted area for a long period of time, without objection. Such claimed laches has been held by us in several cases to be unavailable as a defense in cancellation proceedings in the Patent Office. Cluett, Peabody & Co., Inc., v. Samuel Hartogensis, 41 F.(2d) 94, 17 C.C.P.A.(Patents) 1166; Cluett, Peabody & Co., Inc., v. Denver M. Wright, 46 F. (2d) 711, 18 C.C.P.A.(Patents) 937; Proctor & Gamble Co. v. J. L. Prescott Co., 77 F.(2d) 98, 22 C.C.P.A.(Patents) 1173; Heger Products Co. v. Polk Miller Prod. Corp., supra.

It is well settled that prior registrations by other parties will not be considered as a defense in such proceedings. Federal Mill & Elevator Co., Inc., v. Pillsbury Flour Mills Co., 49 F.(2d) 1042, 18 C.C. P.A.(Patents) 1353; Weyenberg Shoe

Mfg. Co. v. Hood Rubber Co., 49 F.(2d) 1046, 18 C.C.P.A.(Patents) 1449; Celotex Co. v. Millington, 49 F.(2d) 1053, 18 C.C. P.A.(Patents) 1484; Sharp & Dohme v. Parke, Davis & Co., 37 F.(2d) 960, 17 C.C.P.A.(Patents) 842.

We are of opinion that the decision of the Commissioner of Patents is without error, and it is affirmed.

Affirmed.