JACKSON v. CAPITAL TRANSIT CO. et al.

No. 183.

Municipal Court of Appeals for the District of Columbia.

June 28, 1944.

Rehearing Denied July 31, 1944.

B. T. Sanders and Horace O. Pollard, both of Washington, D. C., for appellant.

Edwin A. Swingle, of Washington, D. C. (Ernest A. Swingle and Allan C. Swingle, both of Washington, D. C., on the brief), for appellee Capital Transit Co.

Paul J. Sedgwick, of Washington, D. C., for appellee Lyle O. Cook trading as Ambassador Laundry.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

CAYTON, Associate Judge.

Appellant sued to recover for personal injuries sustained in a collision between a delivery truck of Ambassador Laundry, and a streetcar of Capital Transit Company on which she was a passenger. She joined both said parties as defendants. She charged negligence generally against the transit company and made certain specific allegations of negligence against the laundry company. In their answers the defendants admitted the collision, and each charged that the other's operator was negligent.

Plaintiff's testimony was limited to establishing her status as a passenger and proving her injuries. She told of the collision between the streetcar and the truck but said she did not know what caused it. She called as her witness the motorman of the streetcar who admitted having had a collision with a truck of the other defendant and identified the driver of the truck. She then called as her witness the driver of the truck who admitted the collision and identified the motorman. Neither operator was asked to tell how the collision took place. This constituted plaintiff's entire case. Each defendant moved for an instructed verdict which was granted. Because different standards of care govern the defendants we shall discuss their liabilities separately.

I

As to defendant Ambassador Laundry. Obviously there was no contractual relationship between appellant and this appellee. The driver of the truck was charged only with the duty of ordinary care. Appellant, charging a breach of that duty, was required affirmatively to prove some act of omission or commission on his part amounting to a want of ordinary care and to connect it as a causative factor to her injury.[1] Merely to prove the fact of the collision is not sufficient. The record reveals no element of potential surprise or any other reason we can discern for not producing some evidence of negligence. Each defendant had in its answer already charged the other with responsibility for the collision. Appellant might therefore safely have expected that the testimony of the two operators would follow that pattern and that by so developing the proof she would establish a prima facie case against both defendants.

Moreover the motorman and the truck driver were both in the category of hostile witnesses and were subject to be cross examined as such.[2] Thus there seems to have been no reason, after ques-

[1] MacLachlan v. Perry, 63 App.D.C. 24, 68 F.2d 769; Feiffer v. Mann, 64 App.D.C. 230, 76 F.2d 1000.

[2] Dumas v. Clayton, 32 App.D.C. 566; Bradley v. Davidson, 47 App.D.C. 266, 284; Wigmore on Evidence, 3rd Ed., Section 916.

tioning them about matters conceded in the pleadings, to stop short of inquiring into the vital question of negligence. That such proof was not developed was unfortunate, for it was necessary in order to make a prima facie case against this appellee. The case had been tried once before with the same result; but a new trial was awarded. Thus the plaintiff has had two opportunities to prove her case against this defendant and has failed both times.

## II

■■■ *As to the Transit Company.* A different and greater duty rested upon this appellee. It had contracted to transport appellant safely·to her destination. As we have said in an earlier case:[3]

"Out of special solicitude for the safety of human cargo has grown the rule that a common carrier must exercise the highest degree of care in transporting passengers for hire. (Citing cases.) This means that proof of even slight negligence creates liability on its part. (Citing cases.)"

The streetcar was under the exclusive control of appellee's motorman; appellant was so much inert freight with neither right nor duty to interfere with its operation. This gives rise to the res ipsa loquitur doctrine. It does not relieve a plaintiff of proving negligence. It merely re-arranges the method of establishing such proof. As was said in Sullivan v. Capital Traction Co., 34 App.D.C. 358, 370, quoting from Gleeson v. Virginia Midland R. Co., 140 U.S. 435, 11 S.Ct. 859, 35 L.Ed. 458:

"The law is that the plaintiff must show negligence in the defendant. *This is done prima facie by showing, if the plaintiff be a passenger, that the accident occurred.* If that acident was in fact the result of causes beyond the defendant's responsibility, or of the act of God, *it is still none the less true that the plaintiff has made out his prima facie case.* When he proves the occurrence of the accident, the defendant must answer that case from all the circumstances of exculpation, whether disclosed by the one party or the other. They are its matter of defense. And it is for the jury to say, in the light of all the testimony, and under the instructions of the court, whether the relation of cause and effect did exist, as claimed by the defense, between the acci-

dent and the alleged exonerating circumstances." (Emphasis supplied.)

And in the later case of Robertson v. Washington Ry. & Electric Co., 51 App.D.C. 311, 279 F. 180, 184, the Court, quoting from Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815, Ann.Cas.1914D, 905, said:

"In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; *that they call for .explanation or rebuttal,* not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the·verdict. Res ipsa loquitur, where it applies, does not convert the defendant's general issue into an affirmative defense. *When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff."* (Emphasis supplied.)

The Court went on to point out that by establishing her injury the plaintiff gave ground for the reasonable inference that if the company had exercised due care the injury would not have happened. The opinion made it clear that plaintiff's showing gave ground for the inference of negligence but did not compel it; and that since it did not compel it the question of negligence was for the jury. That we think is the situation of this case.[4]

The Transit Company relies upon Brown v. Capital Transit Co., 75 U.S.App.D.C. 337, 127 F.2d 329, 330 and stresses the following language in the opinion:

"Where the res ipsa loquitur doctrine is applicable, it means no more than that the party claiming damages has produced proof of a fact, or a series of related facts, which warrant the inference of negligence, not that they compel such an inference. The rule is so stated by the Supreme Court in Sweeney v. Erving, 228 U.S. 233, 33 S.Ct. 416, 57 L.Ed. 815 [Ann.Cas. 1914D, 905]. Where, as here, it is a matter of surmise that the damage was due to a cause for which the defendant is liable, the doctrine is inapplicable. If causes other than the

---

[3] Birchall v. Capital Transit Company, D.C.Mun.App., 34 A.2d 624, 625; see also Francis v. Fitzpatrick, 67 App.D.C. 69, 89 F.2d 813.

[4] For cases dealing with this problem generally, see annotation in 83 A.L.R. 1165.

negligence of the defendant might have produced the accident, the plaintiff is bound to exclude the operation of such causes by a fair preponderance of the evidence. Here the sum and substance of appellant's evidence is that an injury occurred."

As we read the Brown case, the Court did not there depart from its earlier decisions from which we have quoted above, and which were in turn based upon applicable decisions of the Supreme Court. It seems to us that the opinion merely restated the res ipsa loquitur doctrine in different language. Moreover, the facts in that case were clearly different from those before us here. There the plaintiff had charged negligence specifically, but had proved nothing except a fall; here negligence was charged generally and plaintiff proved a collision, thereby casting the burden of explanation upon the carrier.[5] There the streetcar was at rest and the injury happened while the passenger was leaving it; here the streetcar was in motion and the passenger had not left her seat until the impact of the collision. There the claim was defective maintenance, but since there was no supporting proof it left the surmise entirely proper that the passenger herself may have been the author of her misfortune; here no such surmise can possibly be indulged. There the passenger might have seen the alleged defect after, if not before, the fall; here there was no duty upon the passenger to keep a lookout or to be in a position to report mishaps on the way. It is neither unnatural nor surprising that all she could tell was that there had been a collision. This situation, we think, calls for the application of the rule "that the happening of an accident to a passenger in such a manner that he cannot prove how it occurred—the true cause lying solely within the knowledge of the defendant, or the accident being such a one as would not happen in the ordinary course of things under proper management—affords reasonable evidence that the accident arose from want of care."[6]

Without a doubt appellant's case would have been stronger, as we have already pointed out above, had she gone into the camp of the enemy for ammunition. Her failure to do so has cost her a directed verdict as to the laundry company. It need not and should not as to the transit company. As to that company, it affects only the weight of the evidence and not her right to get to the jury.

"Standards of prudent conduct are declared at times by courts, but they are taken over from the facts of life."[7] That is to say, from experience. Experience teaches us that passengers in common carriers are not always in a position to tell a complete or vivid story of collisions or other untoward happenings. The sudden stop or start; the violent lurch; the howl of brakes; the shatter of glass; the crunch of metal; the sudden flash of electricity; objects hurtling through the air—these and similar interruptions to the journey of the carrier may or may not be seen or heard by the passenger. He is not an actor in the cause, and is not required, when suing his carrier, to account for the mishap. He need only prove that it occurred. Then the law, because it has placed him in a preferred status, steps in with the doctrine of res ipsa loquitur and says that the carrier must rebut or explain the inference of negligence. The law does not say that such inference entitles him to recover in every case. It says merely that when the inference and the carrier's explanation, taken together, present an issue of fact the case must go to the jury.

Affirmed as to appellee, Lyle O. Cook, Trading as Ambassador Laundry, with costs against appellant.

Reversed and remanded for new trial as to appellee, Capital Transit Company, with costs against said appellee.

[5] Sullivan v. Capital Traction Co.; Robertson v. Washington Ry. & Electric Co., both supra.

[6] Sullivan v. Capital Traction Co., supra.

[7] Pokora v. Wabash Ry. Co., 292 U. S. 98, 54 S.Ct. 580, 582, 78 L.Ed. 1149, 91 A.L.R. 1049.