WILLIAM S. FANSHAWE, PLAINTIFF-RESPONDENT, v.
ANNIE B. RAWLINS, DEFENDANT-APPELLANT.

Submitted March 21, 1916—Decided June 19, 1916.

In an action for the board of horses where defendant relies upon a
counter-claim based upon the loss of a brood mare, injured in the
pasture field of plaintiff, no legal error is committed by the trial
court in refusing a requested instruction, setting forth in effect
that since the injury occurred while the mare was under the care
and control of plaintiff, there arose from this situation a pre-
sumption of negligence upon plaintiff's part, and that the burden
is therefore imposed upon him to overcome that presumption by
preponderance of evidence sufficient to satisfy the jury that the
injury was not caused by negligence on his part.

---

On appeal from the Supreme Court.

For the respondent, *John S. Applegate & Son.*

For the appellant, *Vredenburgh, Wall & Carey.*

The opinion of the court was delivered by

TERHUNE, J. This is an action to recover an amount
alleged to be due plaintiff from defendant for the care and
board of defendant's horses. The plaintiff's claim was ad-
mitted. The defendant relied upon a counter-claim based on
the value of a brood mare owned by the defendant and
boarded by plaintiff with other horses of defendant, and in-

jured while at pasture at plaintiff's stock farm, death ensuing from the injury. An employe of plaintiff noticed the mare was not acting right. A closer inspection showed a wound in her side. She was taken up, treated, her owner notified, a veterinary employed by the owner, who took charge of the case, and who afterwards discovered through an autopsy that her lung had been penetrated.

Plaintiff's claim having been admitted, the only issue left was that raised by the counter-claim. This situation, in effect, resolved itself into a transposition of the parties to the suit, as well as in the shifting of the burden of proof, the prosecution of the counter-claim being practically a separate suit. The original defendant became the plaintiff, while the burden of proving negligence was on the party setting it up.

The errors alleged are the failure of the trial judge to charge—

1. "The hole in the mare's side, in the absence of explanation by the plaintiff, raises a presumption of negligence. If there are any facts inconsistent with negligence, it is the plaintiff's duty to prove them. The burden is on Mr. Fanshawe."

2. "Unless the plaintiff has satisfied you by affirmative proof that he and his men used reasonable care in guarding the mare 'from injury, your verdict on the counter-claim should be for the true value of the mare."

These requests, in effect, were based upon two false assumptions—*first,* that the case is a proper one for the application of the doctrine of *res ipsa loquitur; second,* that the application of that doctrine relieves the plaintiff from the burden of proof and imposes that burden on the defendant.

The trial judge refused these requests, and, on the contrary, charged the jury: "Before you can set off against Mr. Fanshawe's claim the value of this horse, it must appear either that his negligence or the negligence of his employes resulted in the injury itself, or that their failure to take proper care of the mare after they discovered her injury resulted in her death."

The purport of the maxim *res ipsa loquitur* has very recently been fully and comprehensively reviewed by Mr. Justice Swayze in the case of *Hughes* v. *Atlantic City and Shore Railroad Co.*, 85 *N. J. L.* 212, and by Mr. Justice Garrison in *Niebel* v. *Winslow*, 88 *N. J. L.* 191.

One of the legal principles established by these cases is that "the plaintiff cannot be relieved of the duty of satisfying the jury by preponderance of evidence that the defendant has been negligent, and to deprive the defendant of his right, which is a substantial one, to have the plaintiff bear the burden of the affirmative."

In a recent opinion in the case of *Sweeney* v. *Irving*, 228 *U. S.* 233, Mr. Justice Pitney said:

"The general rule in actions of negligence is that the mere proof of 'accident' does not raise any presumption of negligence; but in the application of this rule, it is recognized that there is a class of cases where the circumstances of the occurrence that has caused the injury are of a character to give ground for a reasonable inference that if due care had been employed, by the party charged with care in the premises, the thing that happened amiss would not have happened. In such cases it is said, *res ipsa loquitur*—the thing speaks for itself; that is to say, if there is nothing to explain or rebut the inference that arises from the way in which the thing happened, it may fairly be found to have been occasioned by negligence."

In the case before us it will be noticed that the defendant's insistence was not only that the evidence of the occurrence of the injury under the circumstances was evidential of negligence, but that it was necessary for the plaintiff to prove by preponderance of evidence that there was an absence of negligence on plaintiff's part.

This is not the law. Plaintiff was bound to give reasonable care. It was not incumbent upon him, in the absence of direct evidence showing that he had been neglectful of his obligation, to relieve the defendant of his legal duty, and take upon his shoulders the burden of exonerating himself. This

whole case revolves around the fact that while at pasture in plaintiff's field this mare was injured. There is no evidence showing how the accident occurred, no suggestion of any precaution that the plaintiff might have employed to avoid the accident, no circumstances which could be said to show or raise the presumption that the defendant was negligent.

It is the accepted law of this state that the mere happening of an accident raised no presumption of negligence. It is incumbent to show by direct evidence the responsibility of the defendant for the accident, or to show the existence of such circumstances as would justify the inference that the injury was caused by the wrongful act of the defendant, and would exclude the idea that it was due to a cause with which the defendant was unconnected. *Paynter* v. *Bridgeton, &c.*, 67 *N. J. L.* 619, 625.

In the present case, it was incumbent upon the defendant to show by preponderance of evidence that the plaintiff was guilty of negligence. The mere fact that the mare was wounded did not require a finding of negligence, for the injury might readily have resulted from a cause over which the plaintiff had no control.

We accordingly find no error in the refusal of the trial judge to charge as requested and therefore the judgment below is affirmed.

*For affirmance*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, White, Terhune, Heppenheimer, Williams, Taylor, Gardner, JJ.   16.

*For reversal*—None.