## AMERICAN GLYCERIN CO. v. BROWN et ux.

Circuit Court of Appeals, Fifth Circuit. February 6, 1929.

Rehearing Denied February 25, 1929.

No. 5281.

Harry Tom King and E. M. Overshiner, both of Abilene, Tex. (Kirby, King & Overshiner, of Abilene, Tex., on the brief), for plaintiff in error.

Dallas Scarborough, of Abilene, Tex. (Scarborough & Wilson, of Abilene, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This was an action by the appellees, the father and mother of Edwin Brown, deceased, to recover damages they sustained by the death of the deceased, which resulted on June 11, 1926, from an explosion of nitroglycerin while it was being transported in cans on a truck of the appellant, which the deceased, acting as an employee of the appellant, was driving. The explosion of the nitroglycerin was attributed to negligence of the appellant in the manufacture of it, in failing to have removed impurities, the presence of which rendered the

nitroglycerin subject to spontaneous explosion while it was being transported in the truck, and in failing properly to prepare and load it for transportation.

Testimony of an eyewitness tended to prove that the explosion occurred while the truck was being driven carefully, at a moderate rate of speed, on a smooth road. There was evidence to the effect that pure nitroglycerin will not explode spontaneously, and that impure nitroglycerin will so explode; that one way to test the chemical purity of nitroglycerin is with litmus paper; that the method used in testing the nitroglycerin which exploded was by looking at it; that formerly appellant used the litmus paper test; that an experienced person could tell by looking whether nitroglycerin is pure or not, but could not tell the amount of impurities present; that the nitroglycerin was loaded on the truck in cans, in the openings of which were cork stoppers, which had been immersed in oil, which enabled the corks to come out easily; that nitroglycerin put in a can at one temperature would expand when the can is put out where it is exposed to a higher temperature; and that nitroglycerin escaping from a can could be exploded as a result of being subjected to friction.

The trial resulted in a verdict and judgment in favor of appellees. Errors are assigned on rulings on objections of appellant to testimony offered by appellees, on the refusal of the court to direct a verdict in favor of the appellant, on the charge given by the court to the jury, and on its refusal to give instructions requested by the appellant.

An examination of the rulings on appellant's objections to testimony has led us to the conclusion that none of those rulings affected any substantial right of the appellant, with the result of making it a ground of reversal. 28 USCA § 391.

Circumstances of the explosion which resulted in the deceased's death were disclosed by evidence. A phase of that evidence tended to prove that the cause of the explosion was something other than negligence or fault of the deceased, and that the explosion would not have occurred, if in the manufacture of the nitroglycerin, and the preparation of it for transportation by means of the truck, precautions commensurate with the danger involved in such transportation had been taken. It appeared from the evidence that the manufacture of the nitroglycerin and the preparation of it for transportation were un-

der the control and management of the appellant. This being so, and there being evidence negativing fault on the part of the deceased, and tending to prove that in the ordinary course of events such an explosion does not happen, if due care was exercised in the manufacture of the nitroglycerin and the preparation of it for transportation, the happening of the explosion in the circumstances disclosed is evidence that it was due to negligence chargeable against the appellant. Sweeney v. Erving, 228 U. S. 233, 238, 33 S. Ct. 416, 57 L. Ed. 815; Western Transportation Co. v. Downer, 11 Wall. 129, 20 L. Ed. 160.

In addition to evidence as to the circumstances immediately attending the explosion, there was, as above indicated, evidence furnishing support for a finding that in the manufacture of the nitroglycerin, and in the preparation of it for transportation, it was practicable to take precautions in addition to those which were taken. The appellant was chargeable with negligence, if it failed to take every reasonable precaution suggested by experience and the known dangers of nitroglycerin which is made the subject of transportation. 20 R. C. L. 21.

It was a question for the jury to determine from the evidence whether the omitted precautions were reasonable ones, and such as should have been taken before assigning to the deceased the task of transporting on the truck such a highly dangerous commodity as nitroglycerin.

We are of opinion that evidence adduced tended to prove that the explosion, and the death of the deceased, would not have occurred, but for negligence charged against the appellant, and were proximately caused by that negligence. It follows that the court did not err in refusing to direct a verdict in favor of appellant.

Appellant reserved exceptions to the court's charge to the jury. None of those exceptions to the entire charge was properly sustainable, as much of the charge plainly was not subject to exception.

We think there is no occasion to set out the refused charges, or to comment on them, further than by saying that, so far as the subjects of them were not adequately dealt with in the charge given by the court, they were not such instructions as the court was required to give to the jury.

We conclude that the record shows no reversible error. The judgment is affirmed.