## KOVACS v G M McKELVEY CO

Ohio Appeals, 7th Dist, Mahoning Co

No 2354. Decided April 2, 1937

J. Eugene Roberts, Youngstown, and Mrs. Valera D. Roberts, Youngstown, for appellant.

Charles F. Scanlon, Akron, for appellee.

## OPINION

By NICHOLS, J.

Madge Kovacs filed her petition in the Court of Common Pleas of Mahoning County against the G. M. McKelvey Company, a corporation engaged in the business of conducting a store in the city of Youngstown, alleging that on Dec. 19, 1934, she was in the store of defendant company as a patron when she was suddenly, without warning of any nature, struck from behind by a large dummy or model, in charge of one of defendant's sales persons in the course of her employment and while the model was being dressed by the sales person, and whereby she received certain injuries for which she prays damages.

The defendant answered, admitting that it is a corporation and as such maintains a store in the city of Youngstown; admitted that on December 19, 1934, plaintiff was struck by a dress model in defendant's store, but defendant denies that the occurrence took place in the manner alleged in plaintiff's petition, or that plaintiff sustained injuries as a result of the occurrence set forth in her petition. Further answering, the defendant denied each and every allegation in the plaintiff's petition not expressly admitted to be true.

The cause came on to be heard before the court and jury, resulting in a verdict for

the defendant. After a motion for a new trial was filed and overruled and judgment entered on the verdict, Madge Kovacs prosecutes appeal of law to this court to reverse the judgment of the Cocmmon Pleas Court. The appellant, in seeking to reverse the judgment makes two contentions, first, the verdict of the jury should have been for appellant, was not sustained by sufficient evidence and the judgment of the Common Pleas Court is contrary to law; and second, irregularity intervened in the proceedings in the Common Pleas Court, the jury and orders of the court, by which appellant was prevented from having a fair trial.

In support of the first contention of counsel for appellant, it is stated in her brief that plaintiff based her case on the theory of res ipsa loquitor, and having established a prima facie case under this doctrine, which prima facie case was not rebutted by the defendant, there was no course open to the jury but to return a verdict for the plaintiff, and the jury having returned a verdict for the defendant, such verdict is not sustained by sufficient evidence and is contrary to law.

We have made a careful examination of the record to ascertain the correctness of plaintiff's claim that her case is based upon the doctrine of res ipsa loquitor. The evidence indicates that the dummy or model which fell and struck plaintiff in defendant's store was a part of the store equip-, ment owned, used and controlled by the defendant; that the model did fall and strike plaintiff in the back, and that the plaintiff herself was without negligence which directly* and proximately contributed to her being struck by the model.

There is no evidence in the record showing definitely what caused the model to fall. The evidence of plaintiff is contradictory upon this subject, she first testifying that she saw an employe of the defendant dressing the model, but upon later inquiry admitting that she did not see anyone dressing the model until after it had fallen and she had been struck therewith. An inquiry made by the court to the witness definitely elicited the fact that she did not see anyone dressing the model before it struck her.

The plaintiff further offered the testimony of Miss Frasier, one of the employes of the defendant company, with whom plaintiff was conversing when the model fell. This employe definitely testified that no one was dressing the model at the time it fell; that she did not see the model

fall but immediately thereafter saw the model on the floor. The witness does not doubt that the model struck plaintiff when it fell, and she testifies that the model belonged to The McKelvey Company and that she had charge of the model as an employe of the company.

Miss Frasier further testified that the model was dressed with lingerie; that it was standing near a desk in the lingerie department, and that at the time it fell a customer was the closest person to it; that the model was possibly two or three feet from the desk and that a customer was standing right at that desk by the model; that the company did not have anyone "stationed around there to warn patrons or customers when the models are being redressed." The model was exhibited to the jury.

Plaintiff testified that after she was struck she saw one of the sales girls near the model; that this girl had a garment of some kind in her hand and there was something on the model; and that Miss Frasier said to the sales girl "Please be more careful the next time" or "sometning like that, to that effect, and called out her name." On cross examination Miss Frasier testified that she did not have any recollection of telling the sales girl to be more careful the next time, or anything to that effect.

It is the contention of appellant that the facts above set forth, indicating that the model was one owned and in use by the defendant company at the time and, therefore, under its control, could not have fallen except by reason of the negligence of the defendant. Except by cross examination of plaintiff and her witnesses. the defendant offered no testimony explaining what caused the model to fall, and it is because of this failure of the defendant to produce witnesses on its behalf for the purpose of explaining what caused the model to fall that gives rise to the contention of plaintiff that she had established a prima facie case requiring the jury to return a verdict in her favor under the doctrine of res ipsa loquitor. In her brief appellant sets forth:

"It is immaterial to the plaintiff's case whether the falling of the model was caused by a customer, by a clerk, or of the model's own accord. In any and all of the instances, no evidence being introduced by defendant to rebut the presumption of

negligence on its part created by res ipsa loquitor, defendant is liable * * *"
for plaintiff's injuries.

We are unable to agree with counsel for appellant that it is immaterial to the plaintiff's case whether the falling of the model was caused by a customer, and we are further of the opinion that the jury, from the evidence in this case, may as reasonably have found the inference that the model was caused to fall by a customer, without any negligence upon the part of the defendant, as that it was caused to fall by the negligence of the defendant. In considering this evidence, the jury saw the model and were thus enabled to determine whether it was likely to fall of its own accord. If it did so fall of its own accord, the jury may have found that the defendant was negligent in using a model of the character shown, but we think it clear that the jury was not required to find from the evidence that the model fell by reason of any negligence of the defendant company.

The doctrine of res ipsa loquitor does not dispense with the general rule requiring plaintiff to prove that defendant's negligence was the proximate cause of the injury complained of, but in order to render the doctrine applicable and a presumption of negligence to attach to defendant the nature and circumstances of the accident must be of such a character that there could be no reasonable inference but that the injury complained of was due to the negligence of defendant or of others for whose acts he is legally responsible. Accordingly, where there are two or more persons or causes which might have produced the injury, some, but not all, of which were under the control of defendant or for which he was legally responsible, and where all the facts connected with the occurrence show a state of affairs where it could with equal reasonableness and consistency be inferred that the accident was due to a cause or causes other than the negligent act of defendant, the doctrine can not be relied upon as compelling the jury to adopt the inference that plaintiff's injuries were due to the negligence of the defendant. Where the record shows that there is more than one cause which might have produced the injury to plaintiff, one or more of which were under the control or management of defendant and from one or more of which causes the jury may find the ac-

cident may have reasonably occurred by reason of acts for which the defendant is not liable, the doctrine can not be invoked for the purpose of showing that the verdict was manifestly against the weight of the evidence. Res ipsa loquitor is not an issue made either by the pleading or by the evidence but is simply a rule of evidence applicable under certain facts and circumstances.

In the case of **Weller, Exrx. v Worstell, 129 Oh St 596,** at p. 600, the Supreme Court of Ohio cites with approval the case of Sweeney v Erving 228 U. S. 233, 33 S. Ct. 416, 57 L. Ed. 815, Ann. Cas. 1914 D, 905, from which the court quotes as follows:

"In our opinion res ipsa loquitor means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitor, where it applies does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff."

It is, we think, clear that the burden is not upon the defendant to introduce evidence affirmatively show- ing that its negligence was not the proximate cause of plaintiff's injuries; nor is the defendant required to offer any evidence since the burden of proving negligence rests upon plaintiff throughout the trial, and the fact that the doctrine is applicable to the facts of the case does not shift to defendant the burden of proving it was not guilty of negligence. True, the defendant has the opportunity of introducing evidence to offset the inference arising from plaintiff's case, but the defendant, without offering any evidence, may rely upon the proposition that plaintiff's evidence is such that the jury may find therefrom that plaintiff's injuries were as reasonably due to some other cause than defendant's negligence.

In the case of **Glenny v Wright,, Vol. 1, 1936 Mahoning Opinions,** (22 Abs 316) this court, after reciting the evidence from which

it was claimed the doctrine of res ipsa loquitor applied. said:

"If the record had been left in that state an inference of negligence would have arisen to be weighed, though not necessarily accepted by the jury as sufficient, leaving to the defendant the opportunity to produce evidence in explanation of the accident, and when all the evidence was in, the question for the jury would be, whether the plaintiff has proven by the preponderance of the evidence that plaintiff's injuries were directly and proximately caused by the negligence of defendant."

In the case of **Glowacki v Railway & Power Co., 116 Oh St 451,** the Supreme Court of Ohio lays down the following rule of law with respect to the doctrine of res ipsa loquitor:

"1. The rule of res ipsa loquitor is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and an accident occurs under circumstances where in the ordinary course of events it would not occur when ordinary care is observed. It is an evidential inference, not controlling upon the jury but to be considered by the jury under proper instructions."

We think it follows that where the doctrine of res ipsa loquitor is relied upon by plaintiff, the question is for the jury and not for the court and it follows that this court is not warranted in finding that the verdict of the jury is manifestly against the weight of the evidence or contrary to law in that respect.

The claimed irregularity occurring at the trial which gives rise to the contention of appellant that she has been prevented from having a fair trial is shown by the record as follows:

(The defendant having offered Dr. Phipps as a witness, counsel for appellant, on cross examination, propounded to the doctor the following):

"Q. You testify in quite a few of these cases, do you not?

A. Yes, I do, quite a number.

Q. You are a recognized expert for the various insurance companies, are you not?

MR. SCANLON (Counsel for defendant): Objection.

COURT: Sustained. Just ignore that question. It shouldn't be put.

MR. SCANLON: I ask for a mistrial.

COURT: Yes.

Q. All right, that is all.

COURT: You are discharged, ladies and gentlemen, counsel shouldn't have asked that question. Go back to the general jury room.

MR. SCANLON: Your Honor, I will waive the ruling on it. I will let it go to the jury.

COURT: All right, come back.

MR. SCANLON: Doctor, at the time you made this examination Dr. Zimmerman was present, is that right?

A. Yes."

Whereupon the defendant called another witness who was sworn and testified, upon direct examination. there being no cross examination on behalf of plaintiff, and the defendant having rested and the court having asked counsel for plaintiff: "Have you any rebuttal?" to which counsel for plaintiff replied as follows:

"Mr. Roberts: I think not, Your Honor. I wish to introduce plaintiff's exhibit 2, the statement of Dr. Zimmerman, and plaintiff's exhibit 3, the cost of the X-rays of Dr. Heberding, and the statement of Dr. Brody."

The exhibits were admitted by the court, there being no objection on the part of defendant. After argument the court charged the jury, at the conclusion of which the court inquired of counsel:

"Are there any objections or errors or corrections to suggest on the part of either counsel?

MR. ROBERTS: Other than I have just a blanket objection to all; I would like to have a blanket exception.

COURT: You can have a blanket one but I am asking you if there is any special one?

MR. ROBERTS: No."

It is thus seen that after the court told the jury they were discharged and counsel had waived the objection arising from what the court considered an improper inquiry upon the part of plaintiff's counsel, the trial proceeded to its conclusion without any objection thereto upon the part of plaintiff; unless the so-called blanket ob-

jection and exception made and taken at the conclusion of the charge of the court to the jury may be considered an objection upon the part of plaintiff to proceeding with the same jury.

In oral argument before this court, it is claimed by counsel for appellant that the blanket objection and exception made and taken at the conclusion of the charge of the court are sufficient as an objection to proceeding with the case to the jury after the court had once said that the jury was discharged. If this argument of counsel is correct it would imply that counsel may sit by throughout the trial of a case interposing no objection to incompetent testimony at the time it is offered and received; interposing no objection or exception to the exclusion of competent testimony, and may sit by while any other irregularity occurs at the trial without excepting and objecting at the time and await the decision of the jury; and if favorable receive the benefit of the jury's verdict; but if unfavorable may assign the admission of incompetent testimony, the rejection of competent testimony, or other irregularity in the trial not objected to at the time as ground for reversal of the judgment of the Common Pleas Court. We can not lend ourselves to the █ establishment of any such practice; nor can we see that the plaintiff in this case was in any way prejudiced by proceeding with the trial to this jury under the circumstances hereinbefore set forth. The jury had not left the jury box upon the statement of the court that they were discharged but were still in the presence of the court and we can find no abuse of discretion in the trial court wherein he rescinded his statement to the jury and consented to proceeding with the trial in the absence of any objection upon the part of counsel for plaintiff.

We need not here determine whether prejudicial error would have occurred if the court had proceeded with the trial over the objection of the plaintiff. It is a common occurrence in the course of a trial for the court to reverse his position upon questions arising therein, and where no prejudice is shown affecting the fairness of the trial, and where nothing is indicated to the prejudice of either party, it has been universally held that there has been no abuse of discretion upon the part of the trial court.

It is the conclusion of this court that no error intervened in the Common Pleas Court prejudicial to the rights of the appellant.

Having considered all of the errors assigned, and finding no error in the record prejudicial to the plaintiff, the judgment of the Common Pleas Court is affirmed.

Judgment affirmed.

ROBERTS and CARTER, JJ, concur.