Harold J. HAPPEL, d/b/a Admiral Paving Company, Plaintiff in Error,

v.

Mitchell KENNICUTT, Defendant in Error.

No. 39548.

Supreme Court of Oklahoma.

Oct. 23, 1962.

Rehearing Denied Nov. 28, 1962.

Covington & Gibbon, A. M. Covington, James E. Poe, Tulsa, for plaintiff in error.

Dickey & Richard, By Joe Richard, Tulsa, for defendant in error.

BLACKBIRD, Vice Chief Justice.

Defendant in error, hereinafter referred to as plaintiff, was injured August 10, 1959, when the dump truck filled with sand, cement and gravel (referred to as a "batch" of cement mix) he had driven, and backed on to the "skip" or scoop of a "Rex Paver", or paving machine, was raised several feet into the air on the skip, and suddenly dropped, when the skip dropped to the ground.

The truck, the paver, and plaintiff's services, were being used by Harold J. Happel, d/b/a Admiral Paving Company, in paving streets in the southeastern part of the City of Tulsa. The paver was being operated for said Company, by its employee, Jack Hudgins.

When plaintiff thereafter instituted this action to recover various items of personal injury totaling more than $100,000.00 allegedly resulting from the accident, he named Harold J. Happel, d/b/a Admiral Paving Company, the employee, Hudgins, and another company, as defendants. Inasmuch as the action was later dismissed as to the latter company, our further use of the word "defendants" will refer only to Hudgins and his employer, Admiral Paving Company.

In his petition, plaintiff alleged both that the accident was caused by defendants' operation of the paving machine, or paver, in a negligent manner, and that defendants negligently failed to maintain said machine in a safe operating condition.

In their answer, defendants denied that the accident was caused by any negligence on their part, alleged affirmative defenses, and challenged the court's jurisdiction, on the ground that plaintiff was an employee of the defendant, Admiral Paving Company, and consequently his claim, or cause of action, if any, was within the exclusive jurisdiction of the " * * * Oklahoma Industrial Commission" (Court).

After the issues were joined by the filing of plaintiff's reply, and the case had been tried before a jury, the trial judge, at the close of the evidence, rejected, on the ground that plaintiff was an employee of an independent contractor (Dale Ashlock) rather than of the paving Company, the challenge to the court's jurisdiction reasserted by defendants as one of the grounds for their motion for a directed verdict. In connection with his overruling of this motion, and one by plaintiff for a directed verdict in his favor, the trial court also ruled that, on the basis of the undisputed evidence, defendants were guilty of negligence, as a matter of law, in causing the accident, and he so instructed the jury, refusing to submit any question to them except that of the amount of plaintiff's damages. Thereafter, when the jury had determined the amount of plaintiff's damages to be $50,000.00, and

had returned a verdict in his favor for that amount, judgment was entered accordingly.

When defendants' joint motion for a new trial came on for hearing, the trial judge expressed the view that he had erred, as to the defendant, Hudgins, in instructing the jury as to defendants' negligence, because the question of whether the accident was caused by negligence on his part, or whether it was caused by " * * * some possible failure of the equipment * * * " should have been submitted to the jury. Additionally, the judge indicated that, on the ground of the verdict's excessiveness, he would sustain the motion for a new trial as to Hudgins' employer also, unless plaintiff remitted $10,000.00 of the damages awarded him. When plaintiff agreed to such remittitur, the court entered his order, sustaining the motion for a new trial as to the defendant, Hudgins, and overruling it as to the defendant Harold J. Happel, d/b/a Admiral Paving Company. It is from this order, and/or judgment, that the latter, hereinafter referred to as appellant, has perfected this appeal.

Appellant's argument under his Proposition No. I, appears to be directed not just to the trial court's alleged error in instructing the jury, as aforesaid, that defendants were negligent as a matter of law, but also to the court's alleged erroneous overruling of defendants' motion for a directed verdict insofar as it concerned appellant. He argues that the only evidence of negligence at the trial was contained in certain testimony given by his co-defendant, Hudgins, to the effect that the accident resulted either from his (Hudgins') accidentally brushing against one of the paving machine's sensitive levers, or from some "unknown" failure, or defect, in the machine. Appellant argues he could be held liable for an accident caused by a mechanical failure, or defect, in the Rex Paver, *only* if there was evidence that he knew, or should have known, of such failure or defect; that no such evidence was introduced; that therefore, in failing to make it appear more probable that the accident was caused by an

act of his employee, Hudgins, than by some defect in the operation of the paving machine (for which appellant could not be liable because of the evidentiary deficiency referred to), plaintiff failed to discharge his burden of proof, under the rule shown in Patrick's, Inc. v. Mosseriano, Okl., 292 P.2d 1003, 1007, 1008.

We do not agree that the evidence was insufficient to exonerate appellant for liability for the accident, as a matter of law, if it was caused by the paving machine's unsafe operating condition. We have carefully examined the evidence, and, in our opinion, it was sufficient to go to the jury, both on the question of whether the Rex Paver was in an unsafe, or dangerous, operating condition, and whether or not (said machine being exclusively within his control) the appellant knew, or ought, in the exercise of the care which the control of such a machine requires (see the quotations from Oklahoma Biltmore v. Williams, 182 Okl. 574, 79 P. 202, and Oklahoma Gas & Electric Co. v. Wilson, 172 Okl. 540, 45 P. 2d 750, in Phillips Pet. Co. v. Price, Okl., 298 P.2d 772, 775) to have known of such condition, if any, and to have foreseen the likelihood of the happening of such an accident, as is here involved, unless such condition was counteracted, or rectified. When a defendant is shown to have been in exclusive control of, and engaged in operating, such a machine at the time it causes an accident, and previous thereto, this should sufficiently show, in the absence of evidence to the contrary, that he has had an opportunity to inspect it for operating deficiencies. While this may not shift the burden over to such a defendant, to go forward with the evidence, or to show that he was not negligent in the matter, it is certainly evidence to be considered by a jury in determining whether they should infer, from such circumstances, that he knew, or under the circumstances, should be reasonably held to have known, of an operational defect in the mechanism—if that is found to have been the cause of the accident. This process is merely an attempt to show one

element of such a case by circumstantial evidence—a phenomenon not peculiar to "res ipsa loquitor" cases. See the discussion in the Annotation at 141 A.L.R. 1016, 1018. But, even in such latter cases, the inference that may be drawn from such circumstances is merely a permissible, rather than a mandatory, one (Simpson v. Fray Line Co., 226 Or. 71, 368 P.2d 516). The circumstances, to use the words of the court in Sweeney v. Erving, 228 U.S. 233, 33 S. Ct. 416, 418, 57 L.Ed. 815, "furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; * * *; that they make a case to be decided by the jury, not that they forestall the verdict."

In accord with the foregoing, we conclude that the evidence was not insufficient for submission to the jury, as to appellant's knowledgeability of the defective condition, if any, of the Rex Paver; and that therefore the rule relieving "a master" from liability for injuries "to his servant" from latent defects of which he was ignorant, urged by appellant, fails to render erroneous the trial court's refusal to direct a verdict for him. In this connection, we also note, despite his arguments (pertaining to other assignments of alleged error) that plaintiff was his employee, appellant never contended, nor was there sufficient evidence to establish, that plaintiff was such servant, agent, or employee, in the specific work of operating the paver.

What we have said, in determining the correctness of the trial court's order overruling defendants' motion for a directed verdict, is no indication that said court did not err in instructing the jury that defendants were negligent, as a matter of law, in causing the accident. On the contrary, said judge exceeded his prerogative, and invaded the exclusive province of the jury, in so doing. Such procedure was as serious an error in this case as the instruction of the jury in Atchison T. & S. F. Ry. Co. v. Messmore, Okl., 339 P.2d 779, that "* * * if they found the signals failed to operate,

'that would be negligence on the part of the defendant * * *'." On account of said error, alone, the trial judge should have made his order for a new trial applicable to Admiral Paving Company, as well as to its employee, Jack Hudgins. This conclusion renders it unnecessary to rule upon other alleged assignments of error herein urged, as they appear to be of a character not necessarily re-occurring upon a new trial of the case.

Accordingly, the order, and/or judgment, herein appealed from is reversed in so far as it denies the appellant a new trial, and this cause is remanded to the trial court with directions to modify, or vacate, it, to the end that appellant will be granted a new trial.

WILLIAMS, C. J., and DAVISON, JACKSON, IRWIN and BERRY, JJ., concur.

JOHNSON, J., concurs in result.