James B. HENSLEY, Appellant,

v.

**FORT WORTH AND DENVER RAILWAY COMPANY, Appellee.**

No. 16768.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 4, 1966.

Rehearing Denied Dec. 9, 1966.

Spurlock & Schattman, and Denning Schattman, Fort Worth, for appellant.

Tilley, Hyder & Law, and Robert M. Randolph and Thos. H. Law, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

Suit was under the Federal Employers' Liability Act by James B. Hensley, as plaintiff, against his employer the Fort Worth and Denver Railway Company. Trial was to a jury, which returned answers to special issues upon which the court entered a judgment for the defendant. Plaintiff appealed.

Judgment affirmed.

In the instant case issues under the doctrine of *res ipsa loquitur* were raised under the pleadings and the evidence. The instrumentality involved was a railroad switch. The switch was of the type which when "thrown" in one direction would cause a train passing over the tracks controlled thereby to go forward onto one path, but which when "thrown" in the other direction would cause the train to go forward onto another path. The securing of the switch, so that directional control of the train would be constant, involved manual pressure exerted on the switch-handle, which controlled the switching result, so that a part thereof went into a slot and there remained so that the movable portion of the tracks themselves would not move—being secured by the presence of the handle in the slot. There were two slots for positioning the switch-handle, one for directional control of the train onto one set of tracks, and the second for directional control of the train onto other tracks.

Evidence in the record showed not only that the switch-handle was out of (or insecurely fastened in) the slot in which it was supposed to rest, but furthermore presented a situation from which the jury was entitled to conclude (as it did) that the vibration *from the cars of a train which was in the process of passing over the* roadbed caused movement in the switch (and accompanying movement in the insecurely positioned switch-handle) allowing the front of the railroad car on which plaintiff was riding to go to the right on one set of tracks—and allowing the rear of the same railroad car to proceed straight ahead on the other set of tracks. A derailment resulted, and in consequence thereof plaintiff fell or was thrown from the car and sustained personal injuries.

It is conceded by the defendant railroad that the plaintiff made out his *prima facie* case under the doctrine of *res ipsa loquitur*. Defendant insists that its evidence met the requisite of providing justification and excuse for the derailment and resultant injuries to the plaintiff, a theory advanced as part of its defense. It is defendant's contention that its evidence showed that two young boys were taking a short cut from school on the day immediately prior to the evening on which the derailment occurred, and that during the course thereof they manipulated the switch-handle so that it came out of the slot in which it was supposed to remain secured, leaving it in such condition that vibration of the railroad cars resulted in the derailment. The author of this opinion believes such evidence failed in that the action of the boys was not shown to have had connection with the switch in question and/or was not shown to have had connection at a material time. The other two members of the Court are not in accord, and they believe that there was evidence from which the jury was en-

titled to conclude that the boys did tamper with the switch in question thereby occasioning the derailment. However, all members are of the opinion that there was other evidence competent to show that the switch-handle could not have been out of (or insecurely fastened in) the slot but for tampering by person or persons unknown.

In any event the plaintiff failed to obtain jury findings sufficient to support a judgment for him against the defendant under the doctrine of *res ipsa loquitur*. The jury in response to the issues submitted found that the track and roadbed involved was under the exclusive control and direction of the defendant, its agents and employees. (This was undisputed.) However, it further found that the defendant railway "did not fail" to use ordinary care to have and maintain the track and roadbed in a reasonably safe condition at the place and on the occasion in question. Because of the conditional submission of the issue the jury was not required to answer the inquiry as to whether defendant's failure to exercise care contributed to cause plaintiff's injuries.

 As we view the case the plaintiff simply failed to sustain his burden of proof. Other than in an exceptional *res ipsa loquitur* case the plaintiff must have his case submitted to the jury. (The instant situation is not such an exceptional case.) Submission is ordinarily by a general issue asking if the defendant was negligent in the manner of his handling of the instrumentality involved, with a corollary issue on proximate cause—or—in a Federal Employers' Liability Act (FELA) case a corollary issue on "contributing cause, in whole or in part". An issue inquiring as to the prerequisite of exclusive control of the instrumentality by the defendant may or may not be necessary to be submitted to the jury, depending upon whether the factual situation existent under the facts of the case raises the issue. However, whether submission thereof is requisite or not would have no bearing upon the necessity for the plaintiff to obtain jury findings on negligence and cause. Under no theory would the plaintiff in the case under scrutiny be entitled to receive an instructed verdict or a judgment *non obstante veredicto*, even when we treat the "track and roadbed at the place in question" as constituting the instrumentality involved.

See Hodges on Special Issue Submission in Texas, p. 106, "Size and number of issues", § 39, "Particular Problems in Negligence Cases"; Note, 36 Tex.Law Review 698; 40 Tex.Jur.2d 679, "Negligence", § 149, "(Res Ipsa Loquitur)—Effect of application": Houston, E. & W. T. Ry. Co. v. Roach, 52 Tex.Civ.App. 95, 114 S.W. 418 (1908, writ refused); Simpson v. Dallas Ry. & Terminal Co., 143 S.W.2d 416 (Dallas Civ.App., 1940, writ dism., judgm. correct); Gaunce v. Gulf, C. & S. F. Ry. Co., 20 Tex.Civ.App. 33, 48 S.W. 524 (1898, no writ hist.), and discussion of cases beginning on page 526.

Plaintiff points out that federal decisions are controlling on the question of the applicability of the doctrine of *res ipsa loquitur*. However, we do not perceive wherein the federal decisions differ from those in other Texas cases. The principal case cited by appellant is Moore v. Atchison, Topeka and Santa Fe Railway Co., 28 Ill.App.2d 340, 171 N.E.2d 393, 97 A.L.R.2d 511 (1961), a case where it was held that the doctrine had application and that (despite the jury's verdict for the defendant railroad) the unexplained and unexcused movement of a train through a red signal and thus upon a main line where there was a collision of trains entitled plaintiff to an instructed verdict on the matter of liability for injuries resulting in death to a railroad employee. Obviously this was an exceptional case, and we must agree with a statement quoted from the opinion, viz.: " 'The time will probably never come when a collision resulting from an attempt to have two trains going at full speed, in opposite directions, pass each

other on the same track, will not be held to be negligence, in law.'"

In the Moore case it was said: "The doctrine of *res ipsa loquitur* 'means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury not that they forestall the verdict. *Res ipsa loquitur*, where it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is, whether the preponderance is with the plaintiff.' Sweeney v. Erving, 228 U.S. 233, 240, 33 S.Ct. 416, 418, 57 L.Ed. 815." This we likewise understand to be the law in Texas whether the case is under the Federal Employers' Liability Act or otherwise.

It is the usual, not exceptional, case to which the quoted language in the preceding paragraph has reference. In our opinion the instant case is not the exceptional. Furthermore, as already stated, there is adequate proof constituting an explanation and excuse for the condition of the insecure switch and switch-handle, despite the defendant's failure to show by any direct evidence that the boys were the parties who had tampered with such. The trial court did not err in overruling motions for instructed verdict and for judgment *non obstante veredicto*.

Plaintiff also complains because of the trial court's refusal to submit three separate instructions as part of its charge to the jury. One instruction set forth the liability of the defendant for injuries to its employees resulting in whole or in part from negligence of its employees, officers or agents. The second instruction informed the jury that an employee of a railroad, such as the plaintiff, did not assume the risks of his employment. The third instruction informed the jury that the defendant was under the duty to exercise ordinary care to provide plaintiff with a reasonably safe place to work. It is the plaintiff's contention that all three of the requested instructions constituted a departure from the usual rules governing the relationship of master and servant at common law without knowledge of which the jury could not intelligently answer certain special issues. The jury did answer such issues against the plaintiff.

Plaintiff has cited no authority for the novel proposition he advances. He apparently regards it as a substantive federal right which must be given effect over local law which he assumes is to the contrary. Under the charge of the court the jury was not permitted to speculate upon any supposed knowledge of unmodified common law. Had the court instructed the jury on the law, simply because it was a modification of the common law, it would have amounted to a general charge on the law, error under our practice if objected to by a litigant. 57 Tex.Jur.2d 200, "Trial", § 512, "Instructions prohibited—General charges on law." More materially, however, plaintiff cannot demonstrate any prejudice to have been the result of the court's refusal of the instructions affecting his interest.

Judgment is affirmed.