LEUMA IOSIA, a Minor, by and through His Guardian
Ad Litem IOSOA FAUMUI, Appellant

v.

NATIONAL PACIFIC INSURANCE LTD.
and TONY MAGEO, Appellees

High Court of American Samoa
Appellate Division

AP No. 10-91

March 25, 1992

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, MALAETASI,* Acting Associate Justice, LOGOAI, Associate Judge, and MAILO, Associate Judge.

Counsel: For Appellant, Gata E. Gurr
 For Appellees, Roy J.D. Hall, Jr.

KRUSE, C.J.:

---

* The Honorable Malaetasi Togafau, District Judge, District Court of American Samoa, serving by designation of the Secretary of the Interior.

A six-year-old boy was injured after he had run out onto the street and collided with a moving vehicle. He sued the driver of the vehicle, alleging negligence. At the conclusion of trial the court announced its decision from the bench. After first noting that the plaintiff had the burden of proof, the court concluded that the evidence presented had failed to establish negligence. The minor appeals, assigning error on the part of the trial court for "not applying the principle of res ipsa loquitur, and for accepting a false statement by Tony Mageo as proof that Appellee was not negligent." Appellant's Brief at 1. The record, which is not lengthy, reveals that the accident occurred while appellee Tony Mageo was driving along the Pago Pago-Fagasa highway, apparently on his way to visit his brother. He testified that when he got to the vicinity of Peau's store, he saw two children run out onto the highway, one chasing the other; that he stopped but the child, Leuma Iosia, ran into his vehicle breaking the side reflector which is towards the front; that he saw the child fall to the ground and then get up and run away again; and that the child was shortly thereafter taken to the hospital in appellee's car. The record also reflects that when appellee was asked to estimate his speed, he testified that he was not in a hurry and that he was going uphill at 15 miles per hour.

The other eyewitness who testified was the injured child. However, it was rather obvious from the record that the child could not recall too much in the way of detail, save to the extent that he was being chased at the time by his older brother and that (depending on how counsel framed the question) he was either "hit by" or "collided with" appellee's vehicle.

Appellant's first contention is that there was sufficient evidence presented for the application of the doctrine of res ipsa loquitur and that the court's failure to apply the doctrine was error. Assuming for the sake of argument that res ipsa loquitur was applicable, and that, therefore, an inference of negligence could have been drawn from the proof of injury and the surrounding circumstances, it does not follow that the court as the trier of fact was thereby required to draw such an inference. "The great majority of American courts regard res ipsa loquitur as no more than one form of circumstantial evidence. . . . The inference of negligence to be drawn from the circumstances is left to the jury. They are permitted, but not compelled, to find it." Prosser, Torts § 40 (5th ed. 1984). The Supreme Court noted in Sweeny v. Erving, 228 U.S. 233, 240 (1912), that

res ipsa loquitur means that the facts of the occurrence

124

> warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. . . . When all the evidence is in, the question for the [trier of fact] is, whether the preponderance is with plaintiff.

See also Johnson v. United States, 333 U.S. 46 (1947). In other words, the doctrine, when applicable, merely establishes a permissive inference of negligence which the factfinder is not required to adopt.

The standard for review of the trial court's findings is clear error, A.S.C.A. § 43.0801(b), and due regard shall be given to the opportunity of the trial court to judge the credibility of witnesses, T.C.R.C.P. 52(a). A finding is clearly erroneous when the entire record produces a definite and firm conviction that a mistake has been made. United States v. United States Gypsum Co., 333 U.S. 364 (1948), reh'g denied, 333 U.S. 869 (1948).

The evidence of surrounding circumstances pointed to by appellant are: an entry in the police investigation report stating that appellee's vehicle had "side wiped" [sic] the appellant; another entry in the same report estimating property damage at $20; a sketch drawn by the child (apparently before taking the stand) suggesting that he and his brother were in front of appellee's vehicle; the extent of injuries suffered (appellant categorizes his injuries as "serious" and he submits that such injuries "could have been caused only by being hit or thrown to the ground with violence," Appellant's Brief at 4); and testimony that appellee had seen the children but had failed, as found by the trial court, to stop.

This evidence is at best equivocal, if not tenuous and unreliable, and it seems that the court below gave it appropriate weight. We noted from the record that the two conclusionary entries contained in the police report remained unexplained and unsubstantiated (the "side swiped" entry appears to be the product of hearsay); that the pictorial produced by the minor and said to depict a frontal collision was not so explained, although the minor was called to testify (the court viewed the minor's testimony as tending to support the appellee's version of impact); and that

the extent of the evidence for the claim of "serious injuries" was the testimony of the injured minor's mother about miscellaneous lacerations about the facial area, some lost teeth, and a "broken" arm which was placed in a cast for "a week and three days." We are unable to conclude clear error on the part of the court for failing to make the permissive inference of res ipsa loquitur in the light of this circumstantial evidence.

Appellant's other assignment of error is that the court relied upon a falsehood to arrive at its conclusion of no negligence. The argument is that the court had found that the appellant, contrary to his testimony, could not have come to a stop before the moment of impact; that since appellant had testified that he had seen the children beforehand, he had, in his failure to stop, also failed to comply with his statutory duty to "exercise due care to avoid colliding with any pedestrian upon any roadway, and to give warning by sounding the horn when necessary, and to exercise proper precaution upon observing any child or obviously confused or incapacitated person upon a roadway." (Appellant's Brief at 4, quoting A.S.C.A. § 22.0406). The immediate problem with this contention is that it necessarily presupposes, as a given fact, that appellant had the time to stop or take evasive action to avoid a collision. The record does not exactly reflect this; however, it is implicit in the trial court's decision that the occurrence arose suddenly before the driver had time to take evasive action. Certainly there was substantial evidence to sustain such a finding.

We cannot say that the record leaves with us a definite and firm conviction that a mistake has been made. Indeed, our review of the record leads us to the conclusion that the evidence taken as a whole provides substantial support for the trial court's finding of no negligence. We AFFIRM.